EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JANETTE BUSSMAN, acusada y peticionaria.

*Número:* O-78-352     *Resuelto:* 12 de febrero de 1979

*Rafael Orraca Rodríguez* y *Edelmiro Martínez, Jr.,* abogados de la peticionaria; *Héctor A. Colón Cruz, Procurador General, Justo Gorbea Varona* y *Américo Serra, Procuradores Generales Auxiliares,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Regla 58(b) de las de Procedimiento Criminal dispone que "[e]n el acto de lectura de acusación, el tribunal señalará la fecha para el juicio y apercibirá al acusado que de no comparecer, podrá celebrarse el juicio en su ausencia, incluyendo la selección del jurado y todas las otras etapas hasta el veredicto o fallo y que su incomparecencia voluntaria equivaldrá a una renuncia a estar presente en estas etapas del proceso."

Amparándose en lo dispuesto en la transcrita regla la peticionaria a través de su representación legal solicitó, el día señalado para la vista del caso seguido contra ella por infracción a la ley de Sustancias Controladas, que la misma se celebrara en su ausencia. Adujo como razón para ello que estaba cursando estudios en la Universidad de Colorado. El fiscal se opuso y el tribunal lo sostuvo. La representación de la acusada nos pide que revoquemos la resolución emitida por la Sala de Aguadilla del Tribunal Superior, Veray Torregrosa, J. Concedimos al Procurador General un término para

446

que visto lo dispuesto en las Reglas 58(b) y 243(¹) de las de Procedimiento Criminal expusiera las razones, si alguna tuviere porque no debía revocarse la resolución recurrida. El Procurador ha comparecido allanándose al pedido de la acusada condicionado a que el tribunal de instancia determine "sobre la voluntariedad con pleno conocimiento del derecho que la acusada pretende renunciar."

▬ Todo acusado tiene derecho a estar presente en todas las etapas del juicio. Es un principio fundamental que no se cuestiona. Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico; Regla 243 de las de Procedimiento Criminal; *Taylor* v. *United States*, 414 U.S. 17 (1973); *United States* v. *Pastor*, 557 F.2d 930 (2d Cir. 1977); *United States* v. *Toliver*, 541 F.2d 958 (2d Cir. 1976). Asimismo el acusado puede renunciar a ese derecho. *Snyder* v. *Massachusetts*, 291 U.S. 97 (1934); *United States* v. *Tortora*, 464 F.2d 1202 (2d Cir. 1972); *Talton* v. *Warden, Conn. Correctional Inst.*, 370 A.2d 965 (Conn. 1976); *In re Dunkerley*, 376 A.2d 43 (Vt. 1977). Se considera una renuncia a estar presente la ausencia del acusado una vez comenzada la vista del caso. *Pueblo* v. *Pedroza Muriel*, 98 D.P.R. 34 (1969); *United States* v. *Miller*, 463 F.2d 600 (1st Cir. 1972); *Government of the Virgin Islands* v. *Brown*, 507 F.2d

(¹)Dispone la Regla 243(a), según enmendada por la Ley Núm. 138 de 23 de julio de 1974:

"(a) *Delitos graves*. En todo proceso por delito grave (*felony*) el acusado deberá estar presente en el acto de la lectura de la acusación y en todas las etapas del juicio, incluyendo la constitución del jurado y la rendición del veredicto o fallo, y en el pronunciamiento de la sentencia; excepto, que si habiendo el acusado comparecido al acto de la lectura de la acusación y citado para juicio no compareciere, el tribunal luego de investigadas las causas, podrá celebrar el mismo en su ausencia hasta que recayere fallo o veredicto. Si en cualquier etapa durante el juicio el acusado no regresare a sala para la continuación del mismo, el tribunal luego de investigadas las causas, podrá dictar mandamiento ordenando su arresto, pero en todo caso la ausencia voluntaria del acusado no impedirá que el juicio continúe hasta que se rinda el veredicto o el fallo del juez en casos vistos sin jurado."

186 (3rd Cir. 1975). También su no comparecencia al comenzar el caso se considera una renuncia a estar presente, si se demuestra que está enterado de los cargos en su contra, evidenciado por su comparecencia a la lectura de la acusación. *United States* v. *Peterson*, 524 F.2d 167 (4th Cir. 1975). Establecido lo anterior, resulta lógico llegar a la conclusión de que un acusado puede renunciar expresamente a estar presente durante la celebración del juicio.

El hecho de que reconozcamos ese derecho no debe interpretarse como que debe fomentarse esta práctica. Es preferible la presencia del acusado durante todas las etapas del proceso y solamente debe dispensarse de ella en casos en que se demuestre que resultaría extremadamente gravosa su comparecencia, que el Estado no la requiera para establecer su caso y que su ausencia no demorará los procedimientos. Debe tenerse presente que el propósito de la Ley Núm. 138 de 23 de julio de 1974 que adicionó el inciso (b) a la Regla 58 de las de Procedimiento Criminal, no fue dispensar la presencia del acusado en la vista de los casos por delitos graves, sino que el principal propósito expresado en la Exposición de Motivos de dicho estatuto fue "autorizar en ciertos casos graves la continuación y celebración de la vista del caso en su fondo, en ausencia de personas encauzadas [*sic*] que han sido debidamente citadas y apercibidas personalmente de las consecuencias que tales incomparecencias le causaría, con el fin de imprimirle mayor rapidez a los procedimientos judiciales obviando indebidas suspensiones y evitando así que el sistema de justicia en el área criminal se vea afectada por la conducta de los acusados."

*Por los fundamentos anteriormente expuestos, se expedirá el auto solicitado, se dejará sin efecto la resolución recurrida y se devuelve el caso a instancia para que el tribunal determine si están presentes las circunstancias a que hemos hecho referencia, para que se dispense la comparecencia de la*

*acusada; si el tribunal estima que tales circunstancias estaban presentes en este caso, deberá entonces determinar si la acusada renunció inteligentemente a su derecho a estar presente durante el proceso.*

El Juez Asociado Señor Rigau concurre en el resultado.