399 A.2d 1222.

STATE *vs.* WILLIAM J. BROWN, SR.

APRIL 6, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   The defendant appeals his conviction for possession of a firearm after a previous conviction of a crime of violence. The trial commenced on May 5, 1976, in Providence County Superior Court. After selection of the jury and opening remarks by the prosecutor, the court recessed until 10 a.m. the following day. Notwithstanding defendant's absence, the court reconvened on May 7 at 10:10 a.m. Defense counsel informed the court that he thought the defendant was on his way to the court because he had tried unsuccessfully to telephone him. The trial justice responded,

"Well, I think we have waited long enough. I will assume that, and take the position that his absence is voluntary." The trial then proceeded over counsel's objection.

At 10:30 a.m. Officer Ronald Lewis of the Providence Police Department began to testify. Officer Lewis was the state's principal witness, as he was the only witness to see defendant in possession of a firearm. Shortly after Officer Lewis completed his direct testimony, defendant arrived in the courtroom. The trial justice refused to allow defense counsel to proffer any explanation for defendant's absence. The trial continued, resulting in the conviction from which defendant appeals.

The issue before us is whether the trial justice's refusal to give defendant an opportunity to refute the initial determination that his absence was voluntary constitutes reversible error.

The defendant maintains that his right to confront adverse witnesses, guaranteed by the sixth amendment of the United States Constitution and art. I, §10 of the Rhode Island Constitution, mandates his presence at all stages of his felony trial. According to defendant, this constitutional safeguard assures a fair trial and can only be waived through a voluntary absence. In that regard, defendant asserts that the trial justice committed reversible error in not inquiring into the reasons for his absence when he returned to the courtroom.

A criminal defendant does have the right, both under the sixth amendment and the due process clause of the fourteenth amendment, *Faretta* v. *California*, 422 U.S. 806, 818-19 & n.15, 95 S.Ct. 2525, 2532-33 & n.15, 45 L.Ed.2d 562, 572-73 & n.15 (1975) and art. I, §10 of the Rhode Island Constitution, *Trombley* v. *Langlois*, 91 R.I. 328, 332, 163 A.2d 25, 28 (1960), to be present at all stages of his trial where his absence may affect the fairness of the proceedings. *See also Snyder* v. *Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). The right reflects the essential role that the criminal defendant plays in assisting counsel with cross-

examination and thus guaranteeing integrity in the factfinding process. *See State* v. *Staples,* 354 A.2d 771, 776 (Me. 1976).

Respect for this right does not, however, impart the criminal defendant with unlimited ability to halt proceedings against him. *See Trombley* v. *Langlois,* 91 R.I. 328, 332, 163 A.2d 25, 28 (1960). For example, the right may be lost through deliberate misconduct. *Illinois* v. *Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 1060-61, 25 L.Ed.2d 353, 359 (1970). Moreover, in this jurisdiction, Super. R. Crim. P. 43 provides that in any felony trial in which the potential penalty is not death the trial may proceed when the defendant has voluntarily absented himself, if he was present at the start of the proceedings.[1] This rule is markedly similar to Fed. R. Crim. P. 43, which allows defendant in noncapital cases to waive his right to be present.[2] We are therefore guided by the United

---

[1]Super R. Crim. 43 provides in pertinent part:

"Presence of the defendant.—The defendant shall be present at the arraignment and at the imposition of sentence, except as otherwise provided by these rules. The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, except that he may be excluded from the proceedings if, after appropriate warning, he persists in conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that the trial cannot be carried on with him in the courtroom. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

[2]Fed. R. Crim. P. 43 provides in pertinent part:

"Presence of the Defendant

(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

(2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom."

States Supreme Court decision in *Taylor* v. *United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed. 2d 174 (1973), where the Court examined Fed. R. Crim. P. 43 and found that a defendant's voluntary absence from trial serves to operate as a waiver of the constitutional right to be present.

Because of its constitutional dimensions, any waiver of the right to be present through a voluntary absence must amount to "an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). *See Singletary* v. *United States,* 383 A.2d 1064, 1071 (D.C. 1978). In *Taylor* the Supreme Court cited with approval the holding in *Cureton* v. *United States,* 130 U.S. App. D.C. 22, 27, 396 F.2d 671, 676 (1968) that a voluntary absence can be found when the defendant is aware both of the process taking place and obligation to be present, and has no sound reason for remaining away. 414 U.S. at 19-20 n.3, 94 S.Ct. at 196 n.3, 38 L.Ed.2d at 177 n.3. The voluntariness of any waiver may be determined by the "totality of all the circumstances," *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 227, 93 S. Ct. 2041, 2047-48, 36 L. Ed. 2d 854, 862-63 (1973), including defendant's conduct. *Illinois* v. *Allen,* 397 U.S. at 349, 90 S. Ct. at 1063, 25 L. Ed. 2d at 362 (1970).

A trial justice must make every effort to determine whether a particular defendant has waived his right to be present. *See State* v. *Greene,* 74 R.I. 437, 449-50, 60 A.2d 711, 718 (1948). *See also Drope* v. *Missouri,* 420 U.S. 162, 182, 95 S. Ct. 896, 909, 43 L. Ed. 2d 103, 119 (1975). We agree with the view expressed by the Supreme Judicial Court of Maine that due process is satisfied when a trial justice:

> "(1) makes sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) makes a preliminary finding of voluntariness (when justified), and (3) affords the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentencing is imposed." *State* v. *Staples,* 354 A.2d 771, 776 (Me. 1976).

After the trial justice's initial finding that the absence was voluntary, it is incumbent upon the defendant to come forward with evidence to rebut that finding. The government has as its burden, however, to establish ultimately that a particular absence was voluntary and that the defendant has waived his right to be present. *United States* v. *Marotta,* 518 F.2d 681, 684 (9th Cir. 1975). If a waiver is not established, the trial justice may declare a mistrial.[3]

The trial justice did not meet those obligations with respect to defendant Brown. The record demonstrates that the trial justice gave Brown an inadequate opportunity to explain his absence upon his return to the courtroom. The defendant was therefore improperly deprived of an opportunity to explain whether or not he had sound reasons for staying away from the proceedings.

The state concedes that while due process considerations mandated a hearing upon defendant's return, the failure to conduct such a hearing in the present case constitutes harmless error. We initially point out that in order to find harmless error, the state must show lack of prejudice beyond a reasonable doubt. *Chapman* v. *California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). Attempting to meet this burden, the state points out that other testimony presented at trial corroborated Officer Lewis' statements and that defense counsel had cross-examined Lewis.

While other corroborating testimony is in the record, clearly Officer Lewis' testimony is the most crucial. Only Lewis testified that he saw the defendant with a gun. Furthermore, we cannot conclude that cross-examination of Lewis would not have been more extensive or effective had the defendant been able to aid counsel in challenging Lewis' testimony.

---

[3]Declaring a mistrial is not always required. When the defendant's involuntary absence is brief and no confrontation issues are presented, any possible prejudice may be cured by reading back or repeating whatever events had transpired prior to his return. *See State* v. *Greene,* 74 R.I. 437, 449-50, 60 A.2d 711, 718 (1948).

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for a new trial.

*Dennis J. Roberts II*, Attorney General, *John S. Foley*, Special Assistant Attorney General, for plaintiff.

*William F. Reilly*, Public Defender, *Barbara Hurst*, Chief Appellate Attorney, *Lise Geisheidt*, Assistant Public Defender.