STATE

v.

Francis E. LaCHAPPELLE.

No. 79–34–C.A.

Supreme Court of Rhode Island.

Jan. 16, 1981.

Dennis J. Roberts II, Atty. Gen., Melanie W. Spencer, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, J. Ryder Kenney, Asst. Public Defender, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Francis E. LaChappelle (LaChappelle), was convicted by a jury in the Superior Court of assault with intent to commit rape [1] and was sentenced to twenty years at the Adult Correctional Institutions (ACI).[2] The case is now before us on the defendant's appeal in which he seeks to reverse his conviction on the grounds that the trial justice's in-chambers conference with the prosecution's chief witness during a recess in the trial, without the defendant or his counsel present, violated his rights under provisions of the Federal and State Constitutions and the Superior Court Rules of Criminal Procedure. We reject the defendant's arguments and affirm the judgment of conviction below.

With reference to LaChappelle's claims, the record discloses the following material facts. The defendant's trial was commenced on February 2, 1978, before a justice of the Superior Court sitting with a jury. The prosecution's chief witness against defendant was the complainant, the sixteen-year-old daughter of defendant and the victim of the alleged assault. The substance of her testimony concerning the incident can be briefly summarized.

The complainant's mother and defendant were divorced. The complainant lived with her mother and brother in Providence, but during the summer of 1977 she and her brother spent the month of June with defendant and his wife at their home in Carolina, Rhode Island. On the evening of June 28 the complainant accompanied defendant and his brother-in-law, Eugene G. Peabody, in defendant's automobile while he drove Peabody to his home in nearby Shannock, Rhode Island. She testified that they left defendant's house at approximately 11:30 p. m.

On the return trip to Carolina, LaChappelle drove his car behind the VFW Post building located also in Shannock. The complainant recounted that defendant said he wanted to talk to her, took off his glasses, and began unbuttoning her blouse. When she began to cry, he stopped and got out of the car. LaChappelle told her that she had better have taken her pants off by the time he returned.

The defendant returned to the car a few moments later, and he began again to undress the complainant. When she resisted his efforts by kicking and screaming, LaChappelle held her hands and slapped her face several times.

According to the complainant, after defendant removed her clothing, he forced her legs open and then climbed on top of her. She said that defendant put his hands and fingers over the area of her vagina and "put his penis on [her] vagina." She testified also that defendant "kept trying to put his penis in [her] vagina." The defendant continued to rub his penis on the entrance to her vagina until "he reached an orgasm." The complainant said defendant then took a napkin out of his shirt pocket and "he wiped me up and everything."

The rest of the complainant's testimony concerned details of events that occurred later that evening when she and defendant arrived home and those which led to her eventual reporting of the incident to the Rhode Island State Police.

---

1. In violation of G.L. 1956 (1969 Reenactment) § 11-5-1.

2. The twenty-year sentence was imposed to run consecutive to the prison term defendant was serving at the time of his sentencing.

In the course of cross-examination defendant's counsel asked the complainant what she meant when she had used the terms "orgasm" on direct examination and "climax" in her statements to the State Police concerning the incident. Although the complainant said that the terms were her own words and told the court she knew what the words meant, she remained silent when she was pressed for an explanation of their meaning.

After a brief bench conference the defendant's counsel withdrew the question and moved on to several other lines of questioning. Several minutes later defense counsel returned to the question. When the complainant continued to remain silent the trial justice instructed counsel to move on to another area. Several questions later defense counsel returned a third time to the question of her understanding of the terms "orgasm" and "climax." When she again remained silent, the jury was taken out and the trial justice instructed the witness that because she testified in answer to questions on direct examination by the prosecutor, she was under an obligation to answer the questions of defendant's counsel on cross-examination.

The trial justice suggested that the witness be excused for ten minutes "to pull [her] thoughts together," whereupon the sheriff escorted the witness to the library. In the interim the trial justice reserved consideration of defendant's motion to strike the testimony of the witness in the event she refused to testify adequately on cross-examination.

The witness returned to the stand in the absence of the jury and was asked by the trial justice whether she intended to answer defendant's counsel's question before the jury. He again instructed her that her failure to answer the questions would result in the charges against defendant being dismissed. The trial justice asked the witness if she wished to confer with him alone. Over the objections of defendant, the trial justice took a short recess and adjourned with the complainant to his chambers. Neither defendant nor his counsel, however, requested to be present at the conference in chambers.

In chambers, the following colloquy took place between the trial justice and the witness, with only the stenographer present and recording:

"THE COURT: [The complainant] again I have to ask you whether or not you will respond or answer the question that was offered by the attorney for Mr. LaChappelle. (pause) You have indicated you do not wish to answer; is that correct?

"THE WITNESS: No, I will tell you.

"THE COURT: If you would.

"THE WITNESS: I meant—what I meant was that he, um,—

"THE COURT: Go ahead. It's not going any further than the three of us.

"THE WITNESS: What I meant was that he—(pause)

"THE COURT: Go ahead.

"THE WITNESS: He—(pause)

"THE WITNESS: He—(pause)

"THE COURT: Ejaculated?

"THE WITNESS: I was thinking of come'd.

"THE COURT: Okay. No problem. That is a very common word that all people use including adults. That is nothing. That is your only concern?

"THE WITNESS: Please?

"THE COURT: That is your only concern? That is the only reason why you were reluctant to answer the question?

"THE WITNESS: Yes.

"THE COURT: It's certainly a word that I am sure every member of the Jury, the attorneys and the Court have used, so there is nothing to be embarrassed about.

[The complainant] you leave the Court no alternative if you do not answer the question but to dismiss this case.

"THE WITNESS: I just said it.

"THE COURT: It has to be said in front of the Jury. I did not know what your real concern was. If it's simply because you might be embarrassed by using that word or terminology, that is certainly not sufficient reason.

"They're all adults, and we only have another five minutes to go today. Once you testify, I will resume the hearing tomorrow. Then you will have sufficient opportunity to discuss your testimony, if necessary, with your attorney, Mr. Renaldo. But we have to have a response.

"THE WITNESS: Can I just tell the Jury?

"THE COURT: Tell the Jury what?

"THE WITNESS: What I just told you.

"THE COURT: Certainly.

"THE WITNESS: Just the Jury?

"THE COURT: All the attorneys and the defendant have to be present. That is the law. And if that is what happened, you certainly have the right to express that.

"You see, this is a very difficult situation. I am sure it is very difficult for you, but you must recognize that if Mr. LaChappelle is found guilty, he could spend the rest of his life in jail and it all comes down to your testimony, and the Jury has the right to know everything about you—about your testimony—they have that right. If you were on trial for something, you have the right to have the Jury know everything about what happened. So I am sure if we go out there and you just make that response to the Jury, they will understand what you mean. They are all adults, as the Court, and you are a young adult now.

"THE WITNESS: Is that the last question?

"THE COURT: That should be the last question from the defendant, yes.

"THE WITNESS: I don't know if I can.

"THE COURT: Well, I certainly [cannot] force you to say it and I don't intend to, because the Court's responsibility is to both you and to the defendant to see that he gets a fair trial and we're looking for justice, and a lot depends upon your testimony. If you fail to testify—if you fail to give that answer or give an answer, then you leave the Court no alternative but to dismiss the case.

"I am going to call the Jury up now, and it's 4:23 p. m. and we're supposed to be out of here at 4:30. The prosecutor will—or the defendant will ask the question one more time. If you care to answer, you just answer as you have answered me if that is the truth, and that's it.

"THE WITNESS: Then I just go home, right?

"THE COURT: You will have to come back tomorrow to be examined by Mr. Renaldo. By Mr. Renaldo.

"THE WITNESS: Right.

"THE COURT: If that is the truth and you wish to testify, then the Jury has the right to hear that. If you don't wish to testify, I will have to dismiss the case. Do you understand?

"THE WITNESS: Yes.

"THE COURT: Okay. I will have the Jury brought up.

"You can step outside. —One second, I will have the sheriff accompany you—one second, if you will."

Following the conference in chambers, the witness returned to the stand and in the presence of the jury testified that she had "meant he come'd [sic]" when she had previously used the words "orgasm" and "climax" in her testimony. The trial justice then denied defendant's motion to strike the complainant's testimony. The defendant continued his cross-examination of the witness but pursued no further questions relating to this aspect of her testimony.

For reasons not apparent from the record, the trial did not resume until the morning of February 14, 1978. During that session the trial justice, at the request of defendant and out of the presence of the jury, ordered the stenographer to read her notes of the in-chambers conference into the record. The trial justice also placed on the record his reasons for conferring with the complainant in chambers in the absence of defendant or his counsel.

"For the record, the Court took the unusual action of conversing with the witness because of her age, her apparent

reluctance to testify, and her demeanor, itself, suggested to the Court that her testimony was critical. She was quite embarrassed, quite upset, and the Court took the unusual action of conversing with her out of the presence of the parties for the sole reason of determining whether or not she understood the consequences of not testifying and, frankly, to find out just what caused her reluctance to respond to the question.

"Because of the delicate situation of father and daughter, because of the delicate offense that has been alleged, because of the age, because of the demeanor of the witness the Court took that action and I note the Defendant's objection to the Court's involvement."

The trial proceeded and the jury subsequently returned a guilty verdict. The defendant's motion for a new trial was denied and a judgment of conviction on the charge of assault with intent to commit rape was entered, from which defendant prosecutes the present appeal.

The defendant has briefed and argued several grounds on which he urges us to find that the trial justice's in-chambers conference constituted reversible error. We shall first consider defendant's contention that the trial justice's conference with the complainant in his chambers, in the absence of defendant and his counsel, deprived defendant of his right to be present at every stage of his trial and of the right to confront his accusers guaranteed by the Sixth [3] and Fourteenth Amendments of the United States Constitution and art. I, sec. 10 of the Rhode Island Constitution.[4] Specifically, defendant asserts that the right to confront the witnesses against him is guaranteed by the confrontation clause contained in our Federal and State Constitutions. The defendant further asserts that his right to be present at every stage of his trial is embraced by the confrontation clause and also by the due process clause of the Fourteenth Amendment.

■ The Federal Constitution contains no express guaranty that an accused has a right to be present at his trial except when testimony is taken. *State v. Tumminello*, 16 Md.App. 421, 424, 298 A.2d 202, 204 (1972). Courts, however, have recognized that at least under certain circumstances, an accused has a constitutional right to be at his trial. This right reflects the essential role that the criminal defendant plays in assisting counsel with cross-examination and thus with the factfinding process. *See State v. Brown*, R.I., 399 A.2d 1222, 1224 (1979); *State v. Staples*, 354 A.2d 771, 776 (Me.1976). The right of defendant to be present is derived from either the constitutional guaranty of an accused's right to confront the witnesses against him or the constitutional guaranty of due process of law. *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

■ A criminal defendant's privilege to confront his accusers and cross-examine them face-to-face is guaranteed by the confrontation clause of the Sixth Amendment, *Gaines v. Washington*, 277 U.S. 81, 85, 48 S.Ct. 468, 469, 72 L.Ed. 793, 794–95 (1928), and made applicable to state prosecutions by the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 926 (1965). "Certainly the defendant must be deemed to have the absolute right to hear everything which the jury hears if he is to protect himself. * * * He must be present when the jury is present and is receiving evidence," *United States v. Johnson*, 129 F.2d 954, 958 (3rd Cir. 1942); *State v. Pullen*, 266 A.2d 222, 228 (Me.1970). Thus it is clear that substantive testimony concerning the guilt of a

---

**3.** United States Constitution Amend. 6, in pertinent part, provides:

"In all criminal prosecutions, the accused shall enjoy the right to * * * be confronted with the witnesses against him * * * and to have the assistance of counsel for his defense."

**4.** Rhode Island Constitution, art. I, sec. 10, in pertinent part, provides:

"In all criminal prosecutions, the accused shall enjoy the right to * * * be confronted with the witnesses against him [and] * * * to have the assistance of counsel in his defense * * *."

defendant cannot be submitted in the absence of defendant. *See Brown v. State*, 272 Md. 450, 457–58, 325 A.2d 557, 561 (1974).

■ When the issue of an accused's right to be present at his trial has been raised in connection with his absence at a stage of the proceedings against him during which witnesses testified against him, a defendant's right to be present is based upon the Sixth Amendment right to be confronted with the witnesses against him. Thus, a defendant's right to be present at his trial cannot properly be based upon the confrontation clause of the Sixth Amendment except to the extent that such right is asserted in connection with a stage of the trial at which there are witnesses to be questioned. *Snyder v. Massachusetts*, 291 U.S. at 107, 54 S.Ct. at 333, 78 L.Ed. at 679. This limitation must reasonably be interpreted, however, to mean only in those instances in which witnesses are to be questioned before the trier-of-fact.

■ In the instant case, however, the in-chambers conference did not involve the eliciting of testimony from the complainant by the trier-of-fact. The defendant's argument ignores the fact that defendant was present in the courtroom at all times when the complainant testified before the jury. In these circumstances, defendant's right to confront the witnesses against him was not infringed. Therefore, defendant's claimed deprivation of his constitutional right to be present at the in-chambers conference must be based, if at all, on the due process clause of the Fourteenth Amendment.

In *Snyder*, the Supreme Court held that "[s]o far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* at 107–08, 54 S.Ct. at 333, 78 L.Ed. at 679. *See also State v. Brown*, R.I., 399 A.2d at 1224. The court stated also that an accused in a felony prosecution has a right to be present "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against [a]

charge." *Snyder v. Massachusetts*, 291 U.S. at 105–06, 54 S.Ct. at 332, 78 L.Ed. at 678. *See also Faretta v. California*, 422 U.S. 806, 819–20 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562, 572–73 n. 15 (1975); *United States v. Brown*, 571 F.2d 980, 986, n. 5 (6th Cir. 1978); *Peterson v. United States*, 411 F.2d 1074, 1080 (8th Cir.), *cert. denied*, 396 U.S. 920, 90 S.Ct. 247, 24 L.Ed.2d 199 (1969).

The Constitution, however, does not assure a defendant the privilege of presence when his presence would be useless or the benefit but a shadow. *Snyder v. Massachusetts*, 291 U.S. at 106–07, 54 S.Ct. at 332, 78 L.Ed. at 678; *Peterson v. United States*, 411 F.2d at 1080; *Stein v. United States*, 313 F.2d 518, 522 (9th Cir. 1962).

■ The record in this matter discloses that defendant was tried on the charges against him before a jury and that the conference between the trial justice and the complainant was conducted out of the presence of the jury and without their knowledge. There is no question that had the trial justice been the trier-of-fact in the present case or if defendant had been excluded from a similar discussion between the trial justice and the complainant before the jury, such a procedure would suffer from a constitutional irregularity. But such was not the case.

As we have previously indicated, the conference in chambers was stenographically recorded and was made a part of the record before us. The text of the in-chambers conference having been set out in full above, an extended discussion of what was said therein is not necessary.

The defendant claims that the trial justice's prompting of the complainant to testify and his suggestion of the term "ejaculation" unfairly influenced the witness, thus prejudicing defendant. We fail to find such prejudice.

It is true that the trial justice several times during the conference warned the complainant that if she did not answer defense counsel's questions on cross-examination, he would have no choice but to dismiss the charges against defendant. However,

the trial justice was merely repeating the same warning he had given several times to her, without objection from defendant, when she had been on the stand. In any event, we fail to see how the trial justice's encouraging the complainant to answer the questions of defendant's counsel truthfully in any way prejudiced him.

On direct examination the witness testified in detail concerning defendant's actions during the alleged incident. At one point in her testimony the complainant specifically stated that defendant rubbed his penis on her vagina until "he reached an orgasm." In light of this testimony we do not feel that the trial justice improperly suggested the term "ejaculation" to her. More important, the complainant rejected that term and used a slang term with the same meaning. Indeed, when the witness resumed the stand following the in-chambers conference with the trial justice, she answered fully the defense counsel's questions concerning her understanding of the term "orgasm" using her own terminology.

It is clear that defendant was free to question her further in regard to her understanding of the terms "orgasm" or "climax" or even to ask her to explain the terminology she had used. The record indicates that in the otherwise lengthy cross-examination of the witness, however, defendant chose not to ask her any more questions on this topic. Moreover, after the stenographer's notes were read into the record, defendant could have called the complainant to the stand on re-cross-examination to question her further on the basis of what he had heard. Given this more-than-adequate opportunity to cross-examine the complainant, it is difficult to imagine how defendant's opportunity to defend was infringed.

It is clear that the trial justice's in-chambers conference with the complainant did not bear any reasonably substantial relationship to defendant's opportunity to defend against the offense charged, nor did his absence from the conference deny him a fair and just hearing on the charges before the trier-of-fact. This is all that the Fourteenth Amendment requires. Hence, on the basis of the circumstances in the present case, there is no constitutional basis requiring defendant's presence at the in-chambers conference. We find no reversible error in his absence from the in-chambers conference.

■ Nor are we persuaded by defendant's second contention that the trial justice's in-chambers discussion with the prosecution's witness violated Rule 43 of the Superior Court Rules of Criminal Procedure.[5] That rule expressly requires the presence of defendant at his arraignment, at the imposition of sentence, and at every "stage of the trial," including the impaneling of the jury and the return of the verdict. The substance of this rule is in accord with the cardinal principle that pervades the law of criminal procedure that after the indictment is returned, nothing shall be done in felony cases except in the presence of the accused. See Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 254, 56 L.Ed. 500, 505 (1912); Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011, 1012 (1892); Glouser v. United States, 296 F.2d 853, 855 (8th Cir. 1961).

But of course, not everything that occurs in a criminal case after the jury is impaneled is deemed a "stage of the trial" at which defendant has a right to be present. Indeed, the in-chambers conference in this matter, occurring as it did during a recess, was not a part of the actual trial before the

5. Rule 43 of the Superior Court Rules of Criminal Procedure, in pertinent part, provides:

"The defendant shall be present at the arraignment and at the imposition of sentence, except as otherwise provided by these rules. The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict * * *."

This portion of Rule 43 of Super.R.Crim.P., in this respect, is nearly identical to Federal Rules of Criminal Procedure 43(a), which provides:

"The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule."

We can therefore look to federal authorities for guidance in this area. Nocera v. Lembo, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973).

jury. The precise issue thus presented is whether, under these particular circumstances, the in-chambers conference between the trial justice and the prosecution witness constituted a "stage of the trial" requiring defendant's presence.

Although defendant's statutory right to be present at every "stage of the trial" under Rule 43 has constitutional underpinnings, the right of presence provided for in that rule is much broader than the right of presence guaranteed by the Constitution. *United States v. Brown*, 571 F.2d at 986. Nevertheless, the right to be present afforded by the rule throughout every "stage of the trial" must be interpreted in light of the defendant's constitutional privileges. *State v. Pullen*, 266 A.2d at 228.

Much of what we said in our analysis of the in-chambers conference in regard to defendant's constitutional challenge has equal application here. The in-chambers conference complained of here was conducted during a recess in the trial. The record indicates that defendant was present throughout all the proceedings in the courtroom and at all times when the complainant testified before the jury.

The in-chambers conference did not involve the reception of any evidence against defendant, not did the conference directly involve a question concerning the guilt or innocence of defendant.

The purpose of Rule 43 is to provide defendant with the opportunity to be present at every stage of his trial. This certainly does not imply that defendant has a right to be present at all occurrences after the impaneling of the jury—but only those occurrences that concern the guilt or innocence of defendant or affect his ability to defend against the charges against him. The conference in this matter involved neither. Rather, the purpose of the conference, as the trial justice stated for the record, was to explain to the witness the consequences of not answering defense counsel's questions on cross-examination and to ascertain the reasons for her reluctance to testify.

Neither defendant nor the state has referred us to—nor have we up to now been able to find—a federal or state court decision that has deemed an in-chambers conference similar in nature to the one in the present case a "stage of the trial" within the meaning of either Fed.R.Crim.P. 43 or some similar state rule. In light of the foregoing discussion, we have no difficulty in concluding that the trial justice's in-chambers conference with the prosecution's witness was not a "stage of the trial" within the meaning of Super.R.Crim.P. 43, and thus the absence of defendant was not violative of that rule.

We view the trial justice's actions in this case as a careful response to a very sensitive situation. It is apparent to us from our reading of the record, as it certainly was apparent to the trial justice, that the witness was obviously embarrassed in responding to the questions of defendant's counsel on cross-examination. Her embarrassment and reluctance to testify was understandable in view of her age, the delicate subject matter of her testimony, and the fact that she was testifying against her father. Given these circumstances, we cannot fault the trial justice's actions.

We have carefully scrutinized the record before us and the arguments raised by defendant. Although the procedure here complained of does not receive our unreserved approval, we find no reasonable basis for concluding that, under the circumstances, the trial justice committed reversible error. Accordingly, LaChappelle's conviction must stand.

In view of this holding, it is not necessary for us to pass upon the defendant's final contention that the trial justice's actions require reversal of his conviction and did not constitute harmless error.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court.