34 Wn. App. 410 (1983)
661 P.2d 605
THE STATE OF WASHINGTON, Respondent,
v.
WILLIAM DEAN WASHINGTON, Appellant.
No. 11146-9-I.
The Court of Appeals of Washington, Division One.
April 11, 1983.
Mark Muenster of Washington Appellate Defender Association, for appellant.
Seth Dawson, Prosecuting Attorney, and Larry E. McKeeman, Deputy, for respondent.
SWANSON, J.
William Dean Washington appeals his third degree assault conviction after a jury trial. He alleges the trial court erred by (1) starting the trial in his absence and (2) failing to give a voluntary intoxication instruction to the jury. We affirm.
The evidence established that on December 22, 1978, Washington was driving after drinking a substantial amount of alcohol. He was involved in a traffic accident. A police officer, Lind, arrived at the scene. Lind attempted to *412 arrest Washington for intoxication. Washington made numerous efforts to strike Lind, and succeeded in at least one such effort.
After a number of unrelated procedural matters, trial in the case was set for March 17, 1981. On that day, Washington was granted a continuance. The court scheduled July 6, 1981, as the new trial date, and Washington signed a form indicating trial would be on that date.
On July 6, Washington did not appear in court. The court granted the State's motion for a bench warrant, denied a defense motion for a continuance, and ordered the trial to proceed in Washington's absence. Not until the afternoon of July 7 and after the jury was empaneled and four State witnesses presented, did Washington appear. The court denied defense motions for a mistrial and continuance. The jury found Washington guilty of third degree assault. This appeal followed.
Washington argues that the trial should not have commenced in his absence. He contends that the controlling court rule, CrR 3.4, does not authorize a trial court to start a trial with the defendant absent and, therefore, it was error to do so in this instance. We disagree.
CrR 3.4 provides in relevant part:
(a) When Necessary. The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.
(b) Effect of Voluntary Absence. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict....
(c) Defendant Not Present. If in any case the defendant is not present when his personal attendance is necessary, the court may order the clerk to issue a warrant for his arrest, which may be served as a warrant of arrest in other cases.
[1, 2] While the rule's language may support Washington's *413 argument, this court, in State v. LaBelle, 18 Wn. App. 380, 568 P.2d 808 (1977), discussed CrR 3.4 and held that the trial court could commence a trial in defendant's absence. Even assuming the holding in LaBelle did not depend upon CrR 3.4, the case established that in certain circumstances a trial may begin if defendant is voluntarily absent. We hold that the rule allows commencing a trial in defendant's absence where he voluntarily waives his right to be present.
Washington next contends that even assuming the trial court has authority to begin a trial in defendant's absence, the court in this case should not have started the trial or should have granted a mistrial or continuance once Washington appeared. We conclude the trial court properly commenced and continued the trial.
A defendant has a federal and state constitutional right to be present at trial. But that right may be waived. LaBelle, at 388. However, it is a fundamental right and courts will indulge in every reasonable presumption against its waiver. LaBelle, at 388-89. The waiver must be voluntary and involves an intentional relinquishment of a known right. LaBelle, at 389. A waiver's voluntariness is determined by the totality of the circumstances. State v. Brown, 121 R.I. 422, 399 A.2d 1222, 1225 (1979). The issue here, then, is whether the trial court properly found Washington voluntarily waived his right to be present at trial.
Washington claims he did not voluntarily waive his right. He argues his appearance during the second day of trial showed he was not absent voluntarily the first day but that he merely did not know the trial date. He also notes that a primary factor, multiple defendants, present in other cases where courts have allowed trials to commence in a defendant's absence, was not present here.
The trial court did not err in concluding that Washington waived his right to be present at the trial. Initially, we note trials commenced in a defendant's absence have been upheld even where he is the lone defendant. See State v. Tudgay, 128 Ariz. 1, 623 P.2d 360 (1981). The guidelines *414 established by other jurisdictions for trial courts to decide whether an absent defendant has voluntarily waived his right to be present are helpful. Under those guidelines the court shall:
(1) [make] sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) [make] a preliminary finding of voluntariness (when justified), and (3) [afford] the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed.
State v. Staples, 354 A.2d 771, 776 (Me. 1976); accord, State v. Holland, ___ R.I. ___, 430 A.2d 1263, 1268 (1981).
Here, the trial court's conduct met these guidelines. Before initially proceeding with the trial, the court learned that Washington had signed the trial continuance form setting trial for July 6, 1981, and that Washington had not appeared for other court dates. The court's conclusion that defendant knew of the trial date, implying his absence was voluntary, was justified. When Washington appeared, he explained through his attorney that he was absent because he was uncertain about the trial date. In light of the signed form setting the date, the court was justified in finding this explanation unconvincing.[1] The trial court properly concluded that Washington voluntarily waived his right to be present at trial.
Washington also claims the trial court erred by failing to give the jury a voluntary intoxication instruction based upon RCW 9A.16.090. A voluntary intoxication instruction was not necessary.
[3] "A defendant is entitled to have his theory of the case submitted to the jury under appropriate instructions when the theory is supported by substantial evidence in the *415 record."[2]State v. Griffith, 91 Wn.2d 572, 574, 589 P.2d 799 (1979). There are three prerequisites for giving a voluntary intoxication instruction: (1) the crime charged must include a particular mental state as an element; (2) defendant must present substantial evidence of drinking; and (3) defendant must present evidence that the drinking affected his ability to form the requisite intent. E.g., State v. Simmons, 30 Wn. App. 432, 435, 635 P.2d 745 (1981). But cf. State v. Jones, 95 Wn.2d 616, 622, 628 P.2d 472 (1981) (indicating that mere evidence of intoxication may be sufficient to support a trial court's decision to give a voluntary intoxication instruction).
Here, the prerequisites for instructing on voluntary intoxication were not met. Although the crime charged has a particular mental state as an element,[3] and Washington presented substantial evidence of drinking, the record does not indicate that his drinking affected his ability to form the requisite intent. In fact, Washington testified he remembered much about the night of the incident, indicating he had the ability to form the requisite intent. He remembered "taking a swing" at Lind. He also testified:
Q You remember Officer Lind telling you that you're under arrest, talking to you; right?
...
A Oh, yes.

*416 Q And you remember telling Officer Lind, "I don't want to go to jail"; right?
A Yes.
Q That was a true statement of your feelings. You didn't want to go to jail; did you?
A No, I didn't.
...
Q You testified that your temper flares up at times; right?
A Yes.
Q That's what happened that night, wasn't it? You got mad? You got angry at the officer?
A Yes.
Without any evidence that Washington's drinking affected his mental ability to form the required intent, the court's decision not to give the voluntary intoxication instruction was proper.
Washington argues that the recent case of State v. Brooks, 97 Wn.2d 873, 651 P.2d 217 (1982) requires a voluntary intoxication instruction in this case. That case, however, does not support giving the instruction here. The court in Brooks concluded that the evidence presented of excessive consumption of alcohol and its effects on defendant's physical and mental abilities was sufficient to require a voluntary intoxication instruction as it pertained to defendant's ability to premeditate. Whereas the evidence in Brooks was sufficient to show that the drinking affected defendant's mental ability to premeditate, the evidence here was not sufficient to show that Washington's drinking affected his mental ability to form the requisite intent. A voluntary intoxication instruction was not required.
The judgment is affirmed.
ANDERSEN, C.J., and CALLOW, J., concur.
Reconsideration denied July 27, 1983.
Remanded by Supreme Court to the Court of Appeals October 7, 1983.
NOTES
[1] The trial court concluded: "It's pretty hard for me to find anything at this point that would suggest that there is anything other than the defendant's carelessness or indifference or whatever that put us in this position ..."
[2] Washington contends that the recent State Supreme Court case State v. McCullum, 98 Wn.2d 484, 656 P.2d 1064 (1983) requires a voluntary intoxication instruction whenever there is any credible evidence which tends to prove defendant was voluntarily intoxicated thereby preventing him from forming the requisite intent. McCullum involved a self-defense instruction and, therefore, may not apply here. But even assuming the language of McCullum applies to the present situation, it would not change our analysis or conclusion.
[3] RCW 9A.36.030 provides in pertinent part:

"Assault in the third degree. (1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:
"(a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person shall assault another; or"