[No. 11146-9-I.   Division One.   March 5, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM
DEAN WASHINGTON, *Appellant.*

*Mark W. Muenster* and *Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Larry McKeeman* and *Asa Glazer, Deputies,* for respondent.

SWANSON, J.—In *State v. Washington,* 34 Wn. App. 410, 661 P.2d 605 (1983), this court affirmed the third degree assault conviction of William Dean Washington, concluding that the trial court did not err by failing to provide a voluntary intoxication instruction. On October 7, 1983, our Supreme Court remanded this case to our court for reconsideration in light -of *State v. Jones,* 95 Wn.2d 616, 628 P.2d 472 (1981). Upon consideration, in light of the remand, we are compelled to conclude that the trial court erred in failing to give the jury a voluntary intoxication instruction and, therefore, we reverse.

We set out the facts in our original opinion and need not repeat them here. The only issue before us is whether a voluntary intoxication instruction was required.

██ We restate the requirements for obtaining a voluntary intoxication instruction.

"A defendant is entitled to have his theory of the case submitted to the jury under appropriate instructions when the theory is supported by substantial evidence in the record." *State v. Griffith,* 91 Wn.2d 572, 574, 589 P.2d 799 (1979). There are three prerequisites for giving a voluntary intoxication instruction: (1) the crime charged must include a particular mental state as an element; (2) defendant must present substantial evidence of drinking; and (3) defendant must present evidence that the drinking affected his ability to form the requisite intent. *E.g., State v. Simmons,* 30 Wn. App. 432, 435, 635 P.2d 745 (1981).

(Footnote omitted.) *State v. Washington,* 34 Wn. App. at 414–15. The court in *State v. Jones, supra,* concluded that evidence that a defendant was intoxicated was enough to support an intoxication instruction.

In light of *Jones,* we hold the trial court here erred by not giving a voluntary intoxication instruction. There was substantial evidence presented at trial that Washington was intoxicated at the time he allegedly committed the assault. The trial court, therefore, erred by failing to submit the issue to the jury.

Reversed and remanded for a new trial.

CALLOW and ANDERSEN, JJ., concur.

Review denied by Supreme Court May 11, 1984.