EL PUEBLO DE PUERTO RICO, recurrido, *v.* IVÁN LOURIDO PÉREZ, acusado y peticionario.

*Número:* O-84-342    *Resuelto:* 9 de noviembre de 1984

*Neftalí Fuster González,* de *Semidey & Fuster,* abogado del peticionario; *Roberto Schmidt Monge, Procurador General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El peticionario fue acusado ante el Tribunal Superior de infringir el Art. 401 de la Ley de Sustancias Controladas. El 17 de noviembre de 1982 el acusado se declaró culpable y se fijó el 1ro de diciembre para el acto de pronunciar sentencia. Por acuerdo de las partes se pospuso esta fecha para el 21 de enero de 1983. Se advirtió al procesado que de no comparecer se le sentenciaría en ausencia.

Tras la acusación a que nos hemos referido se acusó al peticionario por otro delito ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico. El 22 de noviembre de 1982 concluyeron los procedimientos en ese foro con la imposición de una sentencia de tres años de prisión.

El 21 de enero de 1983 el procesado no compareció al acto de pronunciamiento de sentencia. Su abogado original asistió. Manifestó que estaba preparado para el acto, pero que se le había informado que el acusado, a través de otro abogado que lo había representado en este caso, se proponía solicitar el retiro de su alegación de culpabilidad; que desde entonces no sabía nada del imputado; que éste tenía unos casos pendientes en el foro federal, mas ignoraba su *status.* El tribunal decretó un receso para que las partes verificasen si el reo se hallaba confinado en alguna institución penal.

Tras el receso el fiscal se comunicó con la oficina del alguacil federal, donde se le informó "que diez días antes del 3 de enero de 1983, el acusado compareció a esa oficina y se entregó, y que actualmente se encuentra cumpliendo una

sentencia de tres (3) años en una institución penal en Talla-hasee, Florida". El fiscal argumentó que ante la ausencia de constancia en el récord que el acusado fuese a desistir de su alegación de culpabilidad o indicación oficial de su paradero y ante la incomparecencia de su otro abogado, la ausencia del procesado debía considerarse de índole voluntaria. El abogado allí presente, cuya autorización para representarlo el peticionario impugna,(1) estuvo de acuerdo. El tribunal procedió entonces a condenar al imputado a doce años de presidio.

El 4 de enero de 1984 el procesado presentó una moción al amparo de la Regla 192.1 de Procedimiento Criminal para solicitar la anulación de la sentencia. Sostuvo que su ausencia en ocasión del pronunciamiento de sentencia fue involuntaria. El tribunal la declaró sin lugar de plano. El peticionario acudió en alzada a este foro y el 14 de junio de 1984 dictamos orden de mostrar causa por la cual no debe anularse la sentencia.

La Regla 243(a) de Procedimiento Criminal, según enmendada por la Ley Núm. 94 de 3 de junio de 1980, dispone:

> *Delitos graves.* En todo proceso por delito grave (*felony*) el acusado deberá estar presente en el acto de la lectura de la acusación y en todas las etapas del juicio, incluyendo la consti-tución del jurado y la rendición del veredicto o fallo, y en el pronunciamiento de la sentencia. Si el acusado ha compare-cido al acto de la lectura de la acusación, y habiendo sido advertido conforme a la Regla 58 y citado para juicio no se presentase, el tribunal luego de investigadas las causas, podrá celebrar el mismo en su ausencia hasta que recayere fallo o veredicto y el pronunciamiento de la sentencia, siempre que el acusado estuviese representado por abogado. Si en cualquier etapa durante el juicio el acusado no regresare a sala para la continuación del mismo, el tribunal luego de investigadas las causas, podrá dictar mandamiento ordenando su arresto, pero

---

(1) Consta en autos que un nuevo abogado representó al acusado en la vista anterior.

en todo caso la ausencia voluntaria del acusado no impedirá que el juicio continúe hasta que se rinda el veredicto o el fallo y el pronunciamiento de la sentencia.

La fuente principal de esta disposición es la Regla 43 de las Reglas federales de Procedimiento Criminal, con la diferencia que en el caso de delitos graves la regla federal requiere siempre la presencia del acusado en el acto de dictar sentencia.

■ El derecho de todo acusado a estar presente en toda etapa del juicio tiene raíces tanto en el Derecho común, *Snyder* v. *Massachusetts,* 291 U.S. 97 (1934), como en la cláusula de confrontación de la Enmienda Sexta a la Constitución de Estados Unidos, la cual se aplica a los estados a través de la Enmienda Decimocuarta. *Illinois* v. *Allen,* 397 U.S. 337 (1970). Las fuentes en Puerto Rico son la citada Enmienda Sexta y el Art. II, Secs. 7 y 11 de la Constitución del Estado Libre Asociado de Puerto Rico.

■ Tal derecho a estar presente puede ser objeto de renuncia. *Taylor* v. *United States,* 414 U.S. 17 (1973); *Pueblo* v. *Bussman,* 108 D.P.R. 444 (1979). La permisibilidad de la renuncia no adolece de falla constitucional. *Pueblo* v. *Colón Colón,* 105 D.P.R. 880 (1977).

■ La renuncia puede manifestarse por la ausencia voluntaria del acusado, 3A *Wright, Federal Practice and Procedure: Criminal 2d* Sec. 721 *et seq.* (1982), mas visto el rango constitucional del derecho, la ausencia debe montar a "una renuncia o abandono intencional de un derecho o privilegio reconocido". *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938). La renuncia es voluntaria si se determina que el acusado es consciente de su derecho y obligación de estar presente y carece de razón válida para ausentarse. *Taylor,* supra, págs. 19–20 n. 3.

■ Los tribunales de instancia deben agotar todo esfuerzo para precisar si existe una renuncia voluntaria del derecho. *State* v. *Brown,* 399 A.2d 1222, 1225 (1979); *Drope*

v. *Missouri*, 420 U.S. 162, 182 (1975). Una vez que haya base para una determinación preliminar de voluntariedad, el acusado debe refutarla, aunque la carga de probar en última instancia la voluntariedad de la ausencia cuando media refutación recae naturalmente en el Ministerio Público. *United States* v. *Marotta*, 518 F.2d 681, 684 (9th Cir. 1975); *Brown*, supra, *loc. cit.*

■ Para determinar la voluntariedad de la ausencia en casos de esta índole hay que contestar una pregunta básica. ¿Estaba obligado el reo a entregarse a las autoridades federales en Puerto Rico cuando lo hizo? Consideramos que todo procesado en las cortes estatales que tiene algún caso penal pendiente ante el foro federal tiene la obligación, así como sus abogados, de informar del hecho a las autoridades estatales. El principio opera también a la inversa. Los procesados en uno u otro foro no pueden escoger a su arbitrio la jurisdicción donde deseen cumplir su condena y luego reclamar ante el segundo foro que su ausencia en el acto de pronunciamiento de sentencia fue involuntaria.

■ De los autos se desprende que el 1ro de diciembre de 1982, cuando el apelante iba a ser sentenciado por el Tribunal Superior y en vez solicita y obtiene la posposición del acto para el 21 de enero de 1983, el apelante no informó al tribunal que el 22 de noviembre de 1982 él ya había sido sentenciado por la Corte Federal. En tales circunstancias, en que se mantiene a oscuras a un tribunal sobre dato tan importante, surge una presunción de voluntariedad, la cual no ha sido refutada por el apelante. Debe observarse, además, que el planteamiento formulado aquí por el apelante había sido presentado antes por él en el caso O-83-116, en que denegamos el 17 de marzo de 1983 el auto solicitado.

En consideración a lo expuesto, *se expedirá el auto y se confirmará la sentencia recurrida.*

El Juez Asociado Señor Rebollo López disiente y se reserva el derecho de emitir una opinión al respecto.