[No. 59447-3.   En Banc.   July 8, 1993.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT V. HAMMOND, *Respondent*.

*Andrew K. Miller, Prosecuting Attorney,* and *Carrie Runge, Deputy,* for petitioner.

*John B. Daly,* for respondent.

UTTER, J. — The State of Washington assigns error to a Court of Appeals opinion reversing a trial court decision to commence trial in defendant Hammond's absence. We affirm the Court of Appeals' reversal of the trial court.

Robert Hammond was arrested in California on June 16, 1988, on a Benton County District Court complaint and warrant dated February 16, 1988. Bail was set, and Hammond was held in custody at the Benton County Jail. An attorney was appointed for him. On September 13, 1988, the prosecutor filed an information in Superior Court charging him with indecent liberties. Clerk's Papers, at 10. Hammond was arraigned on September 23, 1988, and trial was set for October 3, 1988. Clerk's Papers, at 8. The prosecutor later requested a continuance, which was granted over defense counsel's objection. Report of Proceedings, at 59. Trial was rescheduled for October 31, 1988. Clerk's Papers, at 8. On September 30, 1988, Hammond was released from jail on his personal recognizance. Report of Proceedings, at 61. Among the conditions of his release was that he remain in the Benton-Franklin County area. Report of Proceedings, at 3.

Some time thereafter, Hammond violated the court order and went to California where his parents lived. Report of Proceedings, at 62-63. He returned to Benton County for a

brief pretrial hearing on October 21, 1988, and then returned to his parents' home in California, according to him, because he had no money and no other place to stay. Sentencing Report of Proceedings, at 9. On Monday morning, October 31, 1988, defense counsel's secretary called Hammond's California telephone number and reached Hammond's parents. They told her Hammond had left the previous evening and had not been seen since. Report of Proceedings, at 2-3. The secretary left a message stating the trial was beginning. Report of Proceedings, at 3. Later that morning Hammond called counsel's office from California and said he lacked the money to return to Washington. Report of Proceedings, at 3.

When the case was called, counsel informed the court of these events. Report of Proceedings, at 2-3. The court ruled that jury selection would begin in Hammond's absence and that he would be tried in absentia if he did not return by Wednesday. Report of Proceedings, at 65. Counsel advised Hammond to take advantage of the additional time to " 'transport yourself up here.' " Report of Proceedings, at 66. Counsel cautioned, " 'If you're not here, there goes your defense.' " Report of Proceedings, at 66.

Hammond did not appear in court on Wednesday. Report of Proceedings, at 66. Counsel's secretary reached Hammond at his parents' home, and asked him if he could get to Washington by the end of the day. Hammond replied that he had $2 to his name and that his parents had no money to give him. Report of Proceedings, at 68-69. Defense counsel asked the court to continue the case until Hammond could be brought to Washington. Report of Proceedings, at 67-69. Counsel also requested the court to issue an arrest warrant to allow the California authorities to cooperate in transporting Hammond to Washington. Report of Proceedings, at 67-68. The prosecutor opposed this request, arguing that Hammond had voluntarily waived his right to be present. Report of Proceedings, at 69-70. The court agreed with the prosecutor and ruled that trial would be conducted in his absence. *See State v. Hammond*, 65 Wn. App. 585, 829 P.2d 212 (1992).

On November 22, 1988, the jury found Hammond guilty of the charge of indecent liberties. He did not appear for sentencing until October 1990. In the interim, he was convicted of bail jumping and sentenced to 6 months in jail. Sentencing Report of Proceedings, at 5. The trial court imposed an exceptional sentence of 81 months, three times the top of the standard range for indecent liberties, to be served concurrently with the bail jumping sentence. Clerk's Papers, at 2-5. The court gave five reasons for the sentence, only one of which is before us: Hammond's flight from the court's jurisdiction despite his knowledge of the trial date.

At sentencing Hammond maintained he was without financial resources when trial began, had gone to California because he had no other place to stay, had a history of indigence predating the trial, and at the time of trial had been willing to be transported by the authorities from California to Washington.

On appeal, Hammond challenged the trial court's ruling allowing him to be tried in absentia and two of the five reasons upon which the trial court based his exceptional sentence. The Court of Appeals, Division Three, unanimously agreed that Hammond's failure to appear at trial could not be used as an aggravating factor in sentencing because he was convicted of bail jumping, a separate offense.

I

TRIAL IN ABSENTIA

This court has not directly addressed the issue whether the federal constitution prohibits a criminal defendant from relinquishing his right to be present when trial *commences*, although we have decided a defendant can waive his right to be present at the return of the verdict if trial was commenced in his presence. *See State v. Rice*, 110 Wn.2d 577, 617, 757 P.2d 889 (1988), *cert. denied*, 491 U.S. 910, 105 L. Ed. 2d 707, 109 S. Ct. 3200 (1989).

A unanimous United States Supreme Court decision interpreting Federal Rule of Criminal Procedure 43 (Federal

Rule), the federal counterpart to CrR 3.4, has recently held that trial in absentia is permissible only when the defendant becomes absent *after* trial has begun. *Crosby v. United States*, ___ U.S. ___, 122 L. Ed. 2d 25, 113 S. Ct. 748 (1993). Because its reading of the Federal Rule disposed of the case, the court did not reach the question whether it is *constitutionally* permissible to commence trial in the defendant's absence. We find *Crosby*'s textual analysis of the Federal Rule persuasive, and adopt the same interpretation of CrR 3.4. Because our interpretation of CrR 3.4 disposes of this case, we do not reach the constitutional question advanced by Hammond.[1]

The Court in *Crosby*, based its holding on an examination of the explicit terms of Federal Rule of Criminal Procedure 43. The Federal Rule provides the defendant "shall be present . . . at every stage of the trial . . . except as otherwise

---

[1]We note the decision in *Crosby*, holding there is no authority under Federal Rule of Criminal Procedure 43 to commence trial without the defendant, undermines the authority of federal case law discussing the circumstances under which a court may constitutionally commence trial when the defendant is absent.

That case law, rendered moot by *Crosby*, is divided into two basic approaches. Under the first, the trial court engages in a 2-step analysis. It asks (1) whether the defendant's absence is voluntary; and (2) if so, would the harm of proceeding without the defendant outweigh the costs of delaying trial. Only if the costs of delay outweigh the defendant's interest in being present is it proper for proceedings to begin. This approach was adopted by Division Three in the case before this court, and is followed by the First, Second, Fourth, and Fifth Circuits. *See United States v. Lochan*, 674 F.2d 960, 967 (1st Cir. 1982); *United States v. Tortora*, 464 F.2d 1202 (2d Cir.), *cert. denied sub nom. Santoro v. United States*, 409 U.S. 1063, 34 L. Ed. 2d 516, 93 S. Ct. 554 (1972); *United States v. Camacho*, 955 F.2d 950, 954 (4th Cir. 1992); *United States v. Hernandez*, 842 F.2d 82, 85 (5th Cir. 1988).

Under the second approach, the court makes only one inquiry, whether the defendant's absence is voluntary. If it is, trial may begin. The latter approach is followed by the Third and Ninth Circuits, *United States v. Houtchens*, 926 F.2d 824, 827 (9th Cir. 1991); *Virgin Islands v. Brown*, 507 F.2d 186, 189 (3d Cir. 1975), and by Division One of the Court of Appeals, *State v. Ahlquist*, 67 Wn. App. 442, 837 P.2d 628 (1992); *State v. LaBelle*, 18 Wn. App. 380, 568 P.2d 808 (1977); *State v. Washington*, 34 Wn. App. 410, 661 P.2d 605 (1983).

Because, like the Supreme Court analyzing Federal Rule of Criminal Procedure 43, we interpret CrR 3.4 to prohibit beginning trial in the defendant's absence, we need not choose between the two approaches to the constitutional question.

provided by this rule." The Federal Rule then states that a waiver of the right to be present can occur if the defendant, "initially present, (1) is voluntarily absent after the trial has commenced . . .". The list of circumstances under which trial may proceed without the defendant, however, does not include one in which the defendant absconds *before* trial commences.

The Court interpreted the absence of an explicit statutory reference to beginning trial in the defendant's absence to mean the Federal Rule did not authorize commencing trial without the defendant. *Crosby*, 113 S. Ct. at 751.

The *Crosby* Court suggested further that the Federal Rule's distinction between commencement of trial (where the defendant's presence is necessary) and later phases of trial (where the defendant's presence can be waived) is supportable: The cost of suspending trial after it has begun will generally be greater than postponing trial before it starts. Moreover, the defendant's initial presence "serves to assure that any waiver is indeed knowing." *Crosby*, 113 S. Ct. at 752.

*Crosby*'s reasoning is persuasive. Although the language of the Washington rule is not identical to the federal, it is similar in all pertinent respects to the terms of the Federal Rule the United States Supreme Court found dispositive in *Crosby*. CrR 3.4 provides:

**PRESENCE OF THE DEFENDANT**

(a) **When Necessary.** The defendant *shall* be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, *except as otherwise provided by these rules*, or as excused or excluded by the court for good cause shown.

(b) **Effect of Voluntary Absence.** In prosecutions for offenses not punishable by death, the defendant's voluntary absence *after the trial has commenced in his presence* shall not prevent continuing the trial to and including the return of the verdict. . . .

(c) **Defendant Not Present.** If in any case the defendant is not present when his personal attendance is necessary, the court may order the clerk to issue a warrant for his arrest, which may be served as a warrant of arrest in other cases.

(Italics ours.)

Like the Federal Rule, the circumstances under which trial may proceed without the defendant under CrR 3.4 are qualified by the limiting phrase, "except as otherwise provided by these rules". Among the circumstances under which trial may proceed without the defendant is the "defendant's voluntary absence *after* the trial has *commenced* in his presence". (Italics ours.) CrR 3.4(a), (b). Both the federal and state rules fail to explicitly provide for commencing trial in the defendant's absence, although both expressly provide for continuing a trial begun in the defendant's presence. *Compare* Fed. R. Crim. P. 43(b) *with* CrR 3.4(b).

It is true that CrR 3.4 is arguably broader than the Federal Rule, insofar as it permits the court to proceed in the defendant's absence if "excused or excluded by the court for good cause shown." CrR 3.4(a). This clause by its terms, however, does not apply to the case at bar, because Hammond was neither excused nor excluded from attending the trial. The former refers to a trial court proceeding after the defendant has deliberately and clearly refused to be present. *See, e.g., Wilson v. Harris*, 595 F.2d 101, 103 (2d Cir. 1979). The latter refers to a trial court's power to exclude the defendant where he or she is disruptive. *See, e.g., State v. DeWeese*, 117 Wn.2d 369, 381, 816 P.2d 1 (1991). In this case, Hammond neither refused to be present nor disrupted the proceedings; indeed, he expressed his willingness to be transported to Washington by the authorities in order to attend his trial.

In sum, the United States Supreme Court's interpretation of a similar federal rule, and our own independent analysis of the text of CrR 3.4, persuade us that on these facts CrR 3.4 does not authorize the trial court to commence trial in the defendant's absence. We therefore affirm the Court of Appeals' reversal of Hammond's conviction.

## II
### AGGRAVATING FACTORS JUSTIFYING AN EXCEPTIONAL SENTENCE

In the event Hammond is retried and found guilty, we will comment on the sentencing issue he raises. Hammond main-

tains the trial court erred in relying on his absconding from Washington as an aggravating factor justifying the imposition of an exceptional sentence. We agree.

A court may depart from the presumptive sentence range if the offense involves substantial and compelling circumstances. *See* RCW 9.94A.120(2). On appeal, we review the legal sufficiency of the reasons given as a matter of law. *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986) (interpreting RCW 9.94A.210(4)(a)); *State v. Allert*, 117 Wn.2d 156, 163, 815 P.2d 752 (1991).

The Court of Appeals correctly concluded the trial court's reliance on Hammond's absconding could not be used to lengthen his sentence for indecent liberties. RCW 9.94A-.370(2) prohibits facts establishing the elements of an additional crime from being used to deviate from the presumptive range, subject to exceptions which are inapplicable here. Hammond's absconding constitutes an additional crime, *see* RCW 9A.76.170, bail jumping, for which he was sentenced.[2] The trial court therefore erred in relying on this fact to lengthen his sentence.

Because CrR 3.4 does not authorize beginning a trial without the defendant under the circumstances presented here, Hammond's conviction is reversed and the case remanded for further proceedings consistent with this opinion.

ANDERSEN, C.J., and BRACHTENBACH, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.

---

[2]Although bail jumping is not reflected in the judgment and sentence, see Clerk's Papers, at 2, the trial court stated that Hammond "was given six months on the other charge." Report of Proceedings, at 15.