[No. 14974-5-II.   Division Two.   December 16, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. DEBRA JOAN CRAFTON, *Appellant.*

---

*Mark A. Panitch,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael Dodds, Deputy,* for respondent.

MORGAN, J. — Debra Joan Crafton appeals from her conviction for possession of cocaine with intent to distribute. She argues that the trial court erred by trying her in absentia. We reverse and remand for new trial.

In early February 1991, Crafton and Thomas Morales were arrested and charged with possession of cocaine with intent to distribute. Trial was scheduled for April 10 at 9 a.m.

On April 10, the trial judge first took the bench at 10:19 a.m. He then recited:

> We're on the record. This is Cause No. 91-1-00147-2 and 91-1-00146-4, State of Washington versus Thomas Torres Morales and Debra Joan Crafton, defendants. This is the time and place set for trial. It's 10:19 a.m., Counsel and the Court have been involved in a pretrial conference beginning about 9:10 a.m. We have just concluded that conference, we have various matters to put on the record.

Report of Proceedings, at 2. Counsel for Morales then stated that Morales could not hear due to a hearing impairment, and a recess was taken to deal with that problem.

Crafton was present in court at 10:19 a.m., but absent when court reconvened about 10:55 a.m.[1] At the latter time, the judge discussed her absence with counsel, heard certain preliminary matters related to Morales, then recessed again.

Court reconvened at 11:33 a.m. Crafton was still absent. The court ruled it would go forward with "pretrial matters, matters of law which do not require the presence of the defendants". Report of Proceedings, at 6. It also stated:

> I will not start jury selection in Miss Crafton's case without her presence. If it comes time for the jury to be selected and she is not here, then I'll have to consider whether or not to sever the two cases . . ..

Report of Proceedings, at 6.

After lunch, court reconvened at 1:30 p.m. The State then moved to try Crafton in absentia, and Crafton's counsel objected. The judge asked counsel:

> Do you have case law which tells me when a trial starts? That's the issue that I see, she was here and we did not begin jury selection, in fact we were dealing with pretrial motions, in fact that's how I felt we were authorized to proceed without her presence because we were dealing with pretrial motions as opposed to trial.
>
> The rule does provide that the defendant be present at all stages of trial and that if after trial commences she leaves, she can be tried in absentia. I agree with that, but the issue to me is whether or not we have started the trial prior to any jury selection process.

Report of Proceedings, at 32-33. The State then provided the court with a copy of State v. Washington, 34 Wn. App. 410, 661 P.2d 605 (1983). Based on that case, the court granted the State's motion.

Trial lasted several days, during which Crafton was not present. On April 16, the jury found her guilty.

Crafton's next appearance in court was on May 10, when she was sentenced to an exceptional sentence of 27 months. Apparently, she had been convicted of bail jumping in the interim, for the trial court provided that her 27-month sen-

---

[1] The record does not state the exact time at which court reconvened. After court reconvened, however, counsel for Crafton stated that his client had left about 10:40, and that she had been gone about 15 minutes.

tence would run concurrently with a sentence for bail jumping imposed under another cause number.

The issue on appeal is whether the trial court had the authority to try Crafton in absentia. Two recent cases, both decided after the trial herein, provide partial guidance.

In *Crosby v. United States*, ___ U.S. ___, 122 L. Ed. 2d 25, 113 S. Ct. 748 (1993), the accused did not appear in court on the day of trial. Over defense counsel's objection, the trial court proceeded in absentia, and the accused was convicted. On appeal, the United States Supreme Court reversed. Construing Fed. R. Crim. P. 43,[2] the Court held that trial in absentia was impermissible when an accused is absent at the beginning of trial. Citing *Diaz v. United States*, 223 U.S. 442, 56 L. Ed. 500, 32 S. Ct. 250 (1912), the Court distinguished the situation in which an accused is present when trial begins, but absent thereafter.

In *State v. Hammond*, 121 Wn.2d 787, 854 P.2d 637 (1993), the essential facts were the same as in *Crosby*. The accused did not appear in court on the day of trial, the trial court proceeded with trial in absentia over defense counsel's objection, and the accused was convicted. On appeal, the Washington Supreme Court reversed. It stated that Washington's CrR 3.4 "is similar in all pertinent respects to the terms of the Federal Rule the United States Supreme Court found dispositive in *Crosby*."[3] 121 Wn.2d at 792. It further stated that *Crosby*'s analysis of the federal rule was persuasive. 121 Wn.2d at

---

[2]Federal Rule of Criminal Procedure 43 provides in part:

"(a) Presence Required. The defendant shall be present at the arraignment, at the time of plea, at every stage of trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

. "(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

"(1) is voluntarily absent after the trial has commenced . . .."

[3]CrR 3.4 provides in pertinent part:

"(a) **When Necessary**. The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the

791. It held that CrR 3.4 does not permit trial in absentia when the accused is not present at the beginning of trial. 121 Wn.2d at 793.

Hammond necessarily overruled *State v. Washington, supra, State v. LaBelle,* 18 Wn. App. 380, 568 P.2d 808 (1977), and *State v. Ahlquist,* 67 Wn. App. 442, 837 P.2d 628 (1992), all of which the State relies on here. *See Hammond,* 121 Wn.2d at 791 n.1. The holding in all three of those cases was that an accused could be tried in absentia even though not present at the beginning of trial.

After *Crosby* and *Hammond,* the only unsettled issue is the one identified by the trial judge in this case: When does trial commence for purposes of CrR 3.4?

In *State v. Thomson,* 70 Wn. App. 200, 852 P.2d 1104 (1993), the accused was present when jury selection started, but left before it finished. Trial was completed in the accused's absence, and he was convicted. Division One affirmed. It stated:

> The language of CrR 3.4 itself offers guidance as to what marks the beginning of trial:
>> The defendant shall be present at the arraignment, *at every stage of the trial including the empaneling of the jury and the return of the verdict,* and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.
>
> (Italics ours.) CrR 3.4(a). The wording of the rule establishes that the court considered trials as events which begin when the jury is impaneled and end when the verdict is returned. Arraignment and entering a plea precede trial, while sentencing follows trial. That demarcation is logical because, when the jury panel is sworn for voir dire, the defendant is given an unambiguous and readily discernible sign that trial is beginning and he or she will have the opportunity to participate in jury selection. While other events that typically occur before or contemporaneously with the swearing of the jury panel, such as pretrial motions heard on the day of trial, could serve to indicate the start of trial, the facts of this case do not require us to explore those possibilities. Thus, we hold that for pur-

---

verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.

"(b) **Effect of Voluntary Absence**. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. . . ."

poses of CrR 3.4 the beginning of trial occurs, at the latest, when the jury panel is sworn for voir dire and before any questioning begins.

70 Wn. App. at 210-11.

■ We agree with *Thomson* that trial commences no later than when the jury panel is sworn for voir dire.[4] *See* CrR 3.4(a). In contrast to *Thomson*, however, the facts of this case require us to consider whether trial starts *earlier* than when the jury panel is sworn for voir dire.

We hold it does not. The wording of CrR 3.4 shows that for purposes of an accused's presence, the first stage of a trial is the empaneling of the jury, and the last stage is the return of the verdict. Additionally, an accused's right to be present at trial should not turn on the fortuity of whether pretrial motions are scheduled for the day of trial; it is incongruous to say that the accused can be tried in absentia when he or she is present at pretrial motions held on the day of trial, but not when he or she is present at pretrial motions held the day before trial. Finally, we think that a bright line rule is needed, and we agree with Division One that such a rule is provided if trial commences when the jury is sworn for voir dire; as stated in *Thomson*, "[W]hen the jury panel is sworn for voir dire, the defendant is given an unambiguous and readily discernible sign that trial is beginning and he or she will have the opportunity to participate in jury selection." 70 Wn. App. at 211.

Our holding is for purposes of CrR 3.4 only. It does not affect when an accused's right against double jeopardy attaches, *see Crist v. Bretz*, 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156 (1978) (jeopardy attaches when jury is sworn at the end of voir dire), and it does not affect when CrR 3.3 is tolled. *See State v. Estabrook*, 68 Wn. App. 309, 842 P.2d 1001, *review denied,* 121 Wn.2d 1024 (1993); *State v. Andrews*, 66 Wn. App. 804, 810-11, 832 P.2d 1373 (1992), *review denied*, 120 Wn.2d 1022 (1993); *State v. Becerra*, 66 Wn. App. 202, 207, 831 P.2d 781 (1992);

[4]The oath referred to here is the oath given at the beginning of voir dire, not the oath given at the end of voir dire. The former oath is set out in 6 Wash. Prac., *WPI* 6.01 (3d ed. 1989) and described in 11 Wash. Prac., *WPIC* app. C, at 629 (1977). The latter oath is described in CrR 6.6 and RCW 4.44.260.

*State v. Redd*, 51 Wn. App. 597, 608, 754 P.2d 1041, *review denied*, 111 Wn.2d 1007 (1988); *State v. Mathews*, 38 Wn. App. 180, 183, 685 P.2d 605 (time for trial tolled when court calls case for trial and commences preliminary motions (*Estabrook; Andrews*) or jury selection (*Becerra*)), *review denied*, 102 Wn.2d 1016 (1984).

In this case, Crafton was not present when the jury was sworn for voir dire. As a result, CrR 3.4 did not authorize trial in absentia, and the trial court erred in proceeding as it did.

Reversed and remanded for new trial.

SEINFELD, A.C.J., and HOUGHTON, J., concur.

Review denied at 123 Wn.2d 1030 (1994).