[No. 61265-0.    En Banc.    August 18, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH O. JACKSON, *Appellant.*

*James L. Reese III,* for appellant.

C. Danny Clem, Prosecuting Attorney, and Warren K. Sharpe, Deputy, for respondent.

JOHNSON, J. — The Defendant was tried and convicted in absentia of first degree statutory rape. On appeal, the Defendant argues the trial court violated CrR 3.4 and the sixth and fourteenth amendments to the United States Constitution by commencing trial in his absence. He also alleges various other errors. The appeal was certified to this court by Division Two of the Court of Appeals. We reverse.

## BACKGROUND

On January 19, 1979, the Defendant, Kenneth Jackson, was arrested and charged with first degree statutory rape. He was released on his personal recognizance on January 22, 1979. Clerk's Papers, at 1-7. On February 5, 1979, Jackson appeared with counsel and entered a plea of not guilty. In Jackson's presence an omnibus hearing was set for February 21, 1979, and trial was set for April 2, 1979. Clerk's Papers, at 21-22.

Jackson appeared on February 21 and waived his right to be present at the omnibus hearing, which was held that afternoon. Report of Proceedings vol. 1, at 3. At the hearing, the court scheduled the victim's deposition for March 1, 1979, and sent notice to the Defendant. On March 1, Jackson failed to appear at the deposition, and it was rescheduled for March 6.

On March 6, 1979, Jackson did not appear for the competency hearing prior to the deposition and the court issued a bench warrant. Clerk's Papers, at 46-47. The hearing took place over defense counsel's objections.

When Jackson failed to appear on the regularly scheduled trial date, April 2, 1979, the trial court found Jackson was voluntarily absent and, on April 3, decided to try him in absentia. Clerk's Papers, at 61. The case was eventually called for trial in Jackson's absence on June 13, 1979.

The jury found Jackson guilty of first degree rape. Sentencing was continued until Jackson could be apprehended.

Jackson was arrested in California on the 1979 warrant and was returned to Washington in January 1992. On April 1, 1992, the court entered an order sentencing the Defendant to an exceptional sentence of 65 months to 20 years. Clerk's Papers, at 147-62.

■ The Defendant argues the trial court violated CrR 3.4 when it commenced trial in his absence. In *State v. Hammond*, 121 Wn.2d 787, 854 P.2d 637 (1993), we held CrR 3.4 prohibits starting trial in the absence of a criminal defendant. CrR 3.4(a) provides, in part:

> The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.

In *Hammond*, we determined CrR 3.4 should be interpreted like its federal counterpart, Fed. R. Crim. P. 43. *Hammond*, 121 Wn.2d at 791; *see Crosby v. United States*, 506 U.S. 255, 122 L. Ed. 2d 25, 113 S. Ct. 748 (1993). Except for the limited circumstances when the defendant is excused or excluded, CrR 3.4 permits trial to continue in the defendant's absence only if the defendant was present when the trial commenced. *Hammond*, 121 Wn.2d at 793.

Like the defendant in *Hammond*, Jackson was present for various pretrial hearings but was absent when the case was called and when jury selection began. Jackson had not been excused or excluded, nor his absence otherwise provided for by the rules. Therefore, under *Hammond*, the trial court violated CrR 3.4 by trying him in absentia.

■ The State argues application of *Hammond* to this case violates principles of retroactivity. However, an appellate court's newly announced rule in the criminal context is applied retroactively to all cases pending on direct review or not yet final. *State v. Summers*, 120 Wn.2d 801, 815-16, 846 P.2d 490 (1993) (citing *In re St. Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992)). The principle of treating similarly situated defendants the same requires that we allow all defen-

ants whose cases are not yet final to benefit from the application of the new rule we established in *Hammond. State v. Brown*, 113 Wn.2d 520, 543, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989). Because Jackson's appeal was pending when *Hammond* was decided, we apply the rule of *Hammond* to this case.

Under *Hammond*, it was error to try the Defendant in absentia. We need not reach the other arguments raised by the Defendant. The conviction is reversed.

UTTER, BRACHTENBACH, DOLLIVER, SMITH, GUY, and MADSEN, JJ., concur.

DURHAM, J. (dissenting) -— Fifteen years ago, Kenneth Jackson chose to flee Washington state rather than face trial for the first degree statutory rape on Christmas eve of his 4-year-old niece, who subsequently contracted gonorrhea. The judge allowed the trial to proceed in Jackson's absence. The majority concludes that a new trial must take place, despite the almost impossible burden this places on the State to retrieve essential evidence and produce credible witnesses. The lesson this case sends is clear: not only can you run and hide, you might even beat the rap.

I concede that the majority's summary analysis of the law is technically plausible. However, it completely ignores the consequences of its ruling on the victims who must relive age-old tragedies.

There are certainly no equities on the Defendant's side. Jackson cannot claim to be a stranger to the criminal justice system. He had previous convictions for third degree assault and resisting arrest, as well as numerous traffic violations. Prior to his arrest on the statutory rape charge, he had twice been charged with failure to appear for court-ordered proceedings. Although he made an appearance to enter a plea of not guilty and was present on the day of the omnibus hearing, Jackson later voluntarily fled the jurisdiction. He did not attempt to contact either his attorney or the court to explain his absence.

In *State v. Hammond*, 121 Wn.2d 787, 854 P.2d 637 (1993), this court unanimously held that CrR 3.4, which describes the circumstances for attendance at trial, prohibited a trial in that defendant's absence. However, the facts of *Hammond* are quite different from this case. Although Hammond violated the terms of his release and visited his parents in California, he made his whereabouts known to the court and his counsel. He claimed he did not have the funds to return to Washington, and asked that an arrest warrant be issued so that he could be transported by authorities to Washington. The trial judge refused to issue the warrant and conducted the trial in Hammond's absence. *Hammond*, at 789. We concluded that "[b]ecause CrR 3.4 does not authorize beginning a trial without the defendant *under the circumstances presented here*, Hammond's conviction is reversed". (Italics mine.) *Hammond*, at 794.

Contrary to the assertion of the majority, this court is not bound by the United States Supreme Court's interpretation of the federal counterpart to CrR 3.4. We should interpret our rule to be more flexible. *See Crosby v. United States*, 506 U.S. 255, 122 L. Ed. 2d 25, 113 S. Ct. 748 (1993). Such a result would be fair to defendants, and at the same time avoid the gross injustice of forcing the prosecution to reconstruct its case over a decade later.

In the present case, Jackson knew that his trial was approaching and yet decided to flee the jurisdiction. He quit his job, vacated his apartment, and disappeared to parts unknown. He made no attempt to contact his counsel or the court, nor did his actions give even the slightest indication of an intent to return for trial. He successfully eluded apprehension for almost 13 years.

I believe that the majority opinion errs by extending *Hammond* beyond its factual context. *Hammond* correctly required a retrial when the defendant, on the morning of trial, contacted authorities in an attempt to return to Washington. In sharp contrast, Jackson absented himself from Washington for almost 13 years and returned here only after being arrested on a warrant. I would hold that Jackson

objectively manifested an intent to knowingly and voluntarily waive both his constitutional and statutory rights, and may be tried in absentia. *See Wilson v. Harris*, 595 F.2d 101, 103-04 (2d Cir. 1979).

Therefore, I would affirm the trial court.

ANDERSEN, C.J., concurs with DURHAM, J.