John A. CUOCO, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Docket No. 99–2066

United States Court of Appeals, Second Circuit.

Argued: Oct. 27, 1999

Decided: March 23, 2000

28

Solomon Rosengarten, Brooklyn, NY, for Petitioner–Appellant.

Stephanos Bibas, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, Christine H. Chung, Assistant United States Attorney, on the brief) for Respondent–Appellee.

Before: CARDAMONE and POOLER, Circuit Judges, and MORDUE, District Judge.*

POOLER, Circuit Judge:

Petitioner John A. Cuoco appeals from an order of the United States District Court for the Southern District of New York (Gerard L. Goettel, *Judge*) denying the motion he made pursuant to 28 U.S.C. § 2255 for an order vacating his conviction on two counts each of robbery and robbery with a dangerous weapon. The district court rejected all of Cuoco's arguments, which included claims that the trial court violated both the United States Constitution and Federal Rule of Criminal Procedure 43 by allowing Cuoco to absent himself from his criminal trial and that Cuoco's appellate counsel was constitutionally ineffective because he failed to raise Cuoco's absence as a ground for reversal. We affirm. By refusing to remain in court when his criminal trial was about to begin, Cuoco waived his constitutional right to be present, and his appellate counsel's failure to seek reversal based on a violation of Rule 43 did not fall below an objective standard of reasonableness.

## BACKGROUND

We previously affirmed Cuoco's conviction on four counts of robbing local offices of the United States Postal Service. *See United States v. Cuoco*, 992 F.2d 319 (2d Cir.1993). On May 5, 1997, Cuoco filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction. Cuoco sought relief based on ineffective assistance of trial counsel, use of illegally obtained tape recordings at trial, trial in absentia, ineffective assistance of appellate counsel, and governmental misconduct. Although the district court rejected each of these claims, it issued a certificate of appealability limited to the issues of "trial purportedly '*in absentia*'" and appellate counsel's failure

to raise the issue of Cuoco's absence from trial. We therefore limit our discussion of the history of this case to the facts relevant to these two issues.

The district court scheduled a suppression hearing and jury selection for Cuoco's trial on March 9, 1992. Because defense counsel was ill on the scheduled date, Judge Goettel adjourned the proceedings and returned Cuoco to the Otisville Correctional Facility ("Otisville"). On the adjourn date, March 13, 1992, Cuoco was not present. Deputy United States Marshal Angelo Daddario testified that when he and his partner attempted to bring Cuoco to court, Cuoco refused. At defense counsel's request, the court directed the marshals to bring Cuoco to court forcibly if necessary, so that the court could determine whether Cuoco knowingly and voluntarily waived his right to be present at trial. The marshals brought Cuoco to court on March 16, 1992, and the judge informed him that "[i]f you in the future refuse to cooperate and to come, you will not be brought physically to court, we will deem your absence to be a voluntary waiver of your presence in court." The court further asked, "Do you understand what I just told you?" Cuoco replied that he did.

Judge Goettel next conducted the suppression hearing, during which Cuoco testified. At the conclusion of the suppression hearing, the court informed Cuoco that it was time to bring the jury into court and asked whether Cuoco would like to change out of his prison clothing. Cuoco responded, "I'd rather not be present." Defense counsel then told the court that although he believed Cuoco had a right not to be present, he had advised Cuoco that his absence would materially prejudice his defense. Defense counsel first said that Cuoco would suffer prejudice because he would not be able to consult with his counsel concerning peremptory challenges to jurors. The attorney also explained that

---

* The Honorable Norman A. Mordue, United States District Court Judge for the Northern District of New York, sitting by designation.

Cuoco's inability to see and hear the witnesses would prejudice his Sixth Amendment right of confrontation and ability to testify in response to government witnesses. Judge Goettel echoed this advice, saying, "he compromises the ability to present an effective defense if he's not present and advising you as things occur[, a]nd it would be a very unwise decision on his part not to be present during the trial." The court then asked defendant, "Knowing that, Mr. Cuoco, do you wish to be present?" Cuoco answered, "No, I do not," and declined the court's offer to allow him to listen to the proceedings in a nearby room. The court allowed the marshals to take Cuoco back to Otisville only after instructing them "to ask him each morning while the trial is on whether he is willing to come to court, and whether he wants to come to court."

New counsel represented Cuoco on appeal. This attorney did not seek reversal of Cuoco's conviction based on Cuoco's absence from trial, and we rejected all of the grounds that he did raise. After appellate counsel submitted his brief but before oral argument in the Second Circuit, the Supreme Court decided *Crosby v. United States*, 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993). *Crosby* established that Federal Rule of Criminal Procedure 43 precludes the trial in absentia of a defendant who flees before trial. *See id.* at 261–62, 113 S.Ct. 748. *Crosby*'s effect, if any, on Cuoco's conviction is central to this appeal.

## DISCUSSION

### I. Scope of Section 2255 Review

■ We review the district court's denial of a Section 2255 motion *de novo*. However, "a collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v.*

*Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

### II. The Merits

■ No constitutional error results if a defendant knowingly and voluntarily waives his right to be present at trial. *See Smith v. Mann*, 173 F.3d 73, 76–77 (2d Cir.), *cert. denied*, —— U.S. ——, 120 S.Ct. 200, 145 L.Ed.2d 168 (1999). When a defendant "kn[ows] the precise time and place he [is] to appear for trial, and that the consequence of his failure to appear [will] be a trial *in absentia* " and then fails to appear on the scheduled date, he waives his Sixth Amendment right to attend the trial. *Id.* at 77. Because Cuoco refused to attend the trial just before jury selection began and after both his counsel and the court warned him of the consequences of his failure to appear, Cuoco waived his Sixth Amendment right to attend the trial.

■ We cannot review directly Cuoco's claim that his absence violated Rule 43 as that claim is not based on the constitution, does not allege that the trial court lacked jurisdiction, and does not describe a complete miscarriage of justice. *See Bokun*, 73 F.3d at 12. However, we can consider whether the failure of Cuoco's appellate counsel to make a Rule 43 argument deprived Cuoco of his Sixth Amendment right to effective assistance of counsel.

■ To prevail on his ineffective assistance claim, Cuoco must demonstrate that his appellate attorney's conduct "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Cuoco's direct appeal was pending when the Supreme Court issued its *Crosby* decision, that decision, if relevant, applied to Cuoco's appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93

L.Ed.2d 649 (1987). Therefore, *Crosby* as well as Rule 43 guide us in determining whether appellate counsel's performance "fell below an objective standard of reasonableness." At the time of Cuoco's and Crosby's trials, Rule 43(a) provided that "[t]he defendant shall be present at ... every stage of the trial including the impaneling of the jury and the return of the verdict ... except as otherwise provided by this rule." The rule further provided that a "defendant will be considered to have waived the right to be present whenever a defendant, initially present, ... is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)." Fed. R.Crim.P. 43(b) (1987) (amended 1995 and 1998).

Cuoco argues that *Crosby* interpreted Rule 43 to impose a bright-line rule precluding the trial *in absentia* of a defendant who is not present for jury selection. We disagree for reasons best explained by a review of *Crosby* 's history. Michael Crosby fled and failed to appear for trial after being notified of the trial date. *See Crosby*, 506 U.S. at 256, 113 S.Ct. 748. The district court found that Crosby voluntarily waived his Sixth Amendment right to be present during trial and that the public interest in proceeding with the trial outweighed Crosby's interest in being present. *See id.* at 257, 113 S.Ct. 748. The jury convicted Crosby. *See id.* The United States Court of Appeals for the Eighth Circuit affirmed Crosby's conviction, rejecting his argument that Rule 43 forbids a trial *in absentia* of a defendant who is not present at the beginning of trial. *See United States v. Crosby*, 917 F.2d 362, 364–66 (8th Cir.1990). In reversing both courts, the Supreme Court stated that "[t]he language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial," *Crosby*, 506 U.S. at 262, 113 S.Ct. 748. However, the Court addressed only the specific factual context of a defen-

dant who fled prior to trial and declined to express an opinion on whether a defendant could waive the constitutional right to be present at trial—and by implication the protection of Rule 43—"in other circumstances." *Id.* at 261, 113 S.Ct. 748; *see also United States v. Mezzanatto*, 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (noting the presumption that provisions of the Rules are waivable). The Court concluded instead that "the defendant's initial presence serves to assure that any waiver is indeed knowing." *Crosby*, 506 U.S. at 261, 113 S.Ct. 748 Thus, the Court first described an interpretation of Rule 43 that would require the presence of a felony defendant at trial under all circumstances except those specifically described as exceptions in Rule 43(b) and then seemingly backtracked, refusing to express an opinion on whether a waiver was permissible under other circumstances. The Court actually held only that Crosby's flight prior to trial did not allow the district court to proceed with the trial in his absence. *See id.* at 256–57, 261–62, 113 S.Ct. 748.

Because the *Crosby* holding does not squarely address the circumstances of Cuoco's decision to absent himself from his trial, we must examine both the likelihood that a Rule 43 argument on appeal would have resulted in reversal of Cuoco's conviction and the reasonableness of Cuoco's appellate representation. We think it very unlikely that this court would have reversed Cuoco's conviction based on his voluntary absence from the trial. Prior to *Crosby*, we assumed that a criminal defendant could waive his Rule 43 right to be present at trial by voluntarily absenting himself prior to trial. *See United States v. Mackey*, 915 F.2d 69, 72–74 (2d Cir.1990) (stating that both constitutional and Rule 43 right to be present at trial could be waived where defendant knew date trial was to begin and deliberately did not appear but holding that district court incorrectly found a voluntary waiver where defendant called to say he had car trouble).

Although *Crosby* undermines the precise holding of *Mackey,* the *Mackey* decision nevertheless suggests that we would answer the question *Crosby* explicitly left undecided, whether Rule 43 could be waived under circumstances other than those specified in subdivision (b) of that rule, in the affirmative. Because the waiver in this case took place in open court after a full explanation of the advantages Cuoco would lose by leaving the courtroom and while the jury venire was in the courthouse, the facts argue more strongly for finding a waiver than in any other conceivable circumstance not strictly within the purview of Rule 43(b).

■ Moreover, existing precedent left this court free to determine that trial had begun for the purpose of Rule 43. Cuoco chose to leave the courtroom immediately prior to jury selection. A felony defendant has a right to be present at jury selection because the trial begins *no later* than voir dire. *See Lewis v. United States,* 146 U.S. 370, 374, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). The *Crosby* court explained its holding, in part, by stating that "[i]t is unlikely ... that a defendant who flees from a courtroom in the midst of a trial— where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence." *Crosby,* 506 U.S. at 262, 113 S.Ct. 748. Here, the circumstances argue even more strongly that Cuoco knew that the trial would begin in his absence because the court explicitly told him that it would. Thus, finding that trial already had begun when Cuoco decided to leave the courtroom would serve the policy of requiring a knowing and voluntary waiver of Rule 43.

■ To prove ineffective assistance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). We conclude

that Cuoco's appellate counsel did not fail in his duty of reasonable representation. Not only is it unlikely that a Rule 43 argument would have resulted in reversal of Cuoco's conviction, but the timing of the *Crosby* decision gave appellate counsel little time to decide what, if any, application it might have to Cuoco's appeal.

## CONCLUSION

Because Cuoco waived his constitutional right to be present for his trial and his appellate counsel did not perform unreasonably when he failed to make a Rule 43 argument, we affirm the judgment of the district court.