11 P.3d 589

2000-NMCA-090

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Chris PADILLA, Defendant–Appellant.**

**No. 20,232.**

Court of Appeals of New Mexico.

Aug. 9, 2000.

Certiorari Granted, No. 26,540,
Oct. 2, 2000.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

David Henderson, Santa Fe, NM, for Appellant.

## OPINION

ALARID, Judge.

{1} This case requires us to decide whether the Rules of Criminal Procedure for the District Courts authorized the trial court to sever Defendant's trial from that of his co-defendant, and then, after jury selection was completed in the co-defendant's case, to re-consolidate the trials at Defendant's request. As we explain below, this procedure runs afoul of Rule 5–612 NMRA 2000 (1972, as amended through 1974), which prohibits the commencement of a criminal trial in the defendant's absence. Because a defendant's absence at the commencement of his trial is a non-waivable, structural defect, we reverse Defendant's convictions.

## BACKGROUND

{2} Defendant, and a co-defendant, Miguel Gallegos, were each indicted on two counts of aggravated battery with a deadly weapon and a single count of concealing identity. Defendant and Gallegos were joined for trial. On the morning of July 6, 1998, Defendant and Gallegos' case and another unrelated case were called for jury selection. Defendant's attorney and the prosecutor were present, but Defendant, Gallegos, and Gallegos' attorney were absent. In response to questioning by the trial court, Defendant's counsel responded that he did not know Defendant's whereabouts and that he had unsuccessfully attempted to locate Defendant by telephone. The trial court issued a bench warrant for Defendant's arrest and cited Gallegos and Gallegos' counsel for contempt.

{3} A panel of prospective jurors was sworn and voir dire commenced in the unrelated case. As voir dire in the unrelated case

was proceeding, counsel for Gallegos appeared. He explained that he had been delayed because he had been waiting for Gallegos to fax him a written waiver of Gallegos' right to be present during jury selection. Counsel explained that he now had the written waiver and tendered it to the court.

{4} The trial court remarked that it had "a real problem with Mr. Padilla [Defendant] not being here and having the other co-defendant not present and going through [jury] questioning." The trial court expressed a preference for waiting until Defendant had been re-arrested and rescheduling "the whole thing together" rather than proceeding with a "de facto severance." The State responded that it preferred to accept a severance and proceed with Gallegos' trial. Counsel for Gallegos responded that he did not see a problem in continuing with jury selection in view of his client's signed waiver of his right to be present during jury selection. The trial court ruled that the parties would proceed with jury selection in Gallegos' case.

{5} Prior to the lunch recess, jury selection was completed in the unrelated case. Following the lunch recess, Defendant briefly appeared in the courtroom without counsel. The trial court addressed Defendant, explaining that the court had issued a bench warrant for Defendant's arrest due to his failure to appear when his case was called that morning. The trial court commented that "this afternoon we can't find your attorney." The trial court told Defendant that it would hold the bench warrant until the following morning and directed Defendant to appear at 8:30 a.m. the next day. The trial court then told Defendant that he was "free to go."

{6} The trial court called Gallegos' case for jury selection. The trial court explained to the jury array that Gallegos had waived his right to be present at jury selection. The trial court then read into the record Gallegos' waiver of his right to be present. The trial court explained the nature of the case to the jury array and reminded them that they were still under oath. The trial court explained that the selection process would be the same as it was in the morning except that it should be quicker because "many of the

questions are the same." Jury selection proceeded in Gallegos' case, and by the end of the day a petit jury had been impaneled to try Gallegos.

{7} The next morning, both Defendant and counsel were present in court. The trial court informed Defendant and his counsel that Defendant's and Gallegos' cases had been severed for trial. Defendant's counsel explained that Defendant had been confused by conflicting information as to the date jury selection was to begin and had relied on a scheduling order listing July 7, 1998, as the date jury selection was to begin. Instead of accepting the severance of Defendant's and Gallegos' trials, Defendant's counsel offered to waive Defendant's presence during jury selection in view of his "faith" in the ability of Gallegos' counsel to pick a jury. The trial court cautioned Defendant's counsel that the Defendants' defenses could diverge at trial and that Defendant would then be tried in front of a jury picked by Gallegos' counsel. The trial court directed Defendant's counsel to file a written waiver by 5:00 p.m. that day.

{8} In furtherance of the procedure suggested by Defendant's counsel and adopted by the trial court, Defendant and his counsel signed a document titled "Waiver of Jury Selection Irregularities" containing the following recitals:

COMES NOW Defendant CHRIS PADILLA and files this Waiver of Jury Irregularities, and in support of said waiver hereby states:

1) Defendant was not present for jury selection due to his uncertainty about the date of jury selection.

2) Defendant's counsel appeared initially for jury selection but did not return for completion of jury selection when Defendant failed to appear;

3) Co-defendant's attorney Mr. Dan Marlowe completed jury selection on behalf of his client;

4) Defendant Chris Padilla hereby waives his and his counsel's appearance at jury selection and requests to proceed to the evidentiary phase of trial with the jury as selected by co-defendant's counsel. Defendant Chris Padilla also waives any

issue on appeal regarding this irregularity in the selection of the jury in his case.

{9} The case proceeded to trial at which Defendant and Gallegos were each convicted of two counts of aggravated battery. Gallegos was also convicted of one count of concealing identity.

## DISCUSSION

 {10} At common law " '[i]n felonies, it is not in the province of the prisoner, either by himself or by his counsel, to waive the right to be personally present during the trial.' " *Territory v. Lopez,* 3 N.M. 156, 164, 2 P. 364, 367 (1884) (quoting 1 Bishop on Criminal Procedure § 686 (3d ed.)); *see also Crosby v. United States,* 506 U.S. 255, 259, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) (collecting authorities). In *Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1912), the United States Supreme Court noted and applied a limited exception to the requirement that the defendant be present at all stages of trial:

> if, *after the trial has begun* in his presence, [defendant] voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.

(Emphasis added). The *Diaz* exception is incorporated in Rule 43 of the Federal Rules of Criminal Procedure. *See Crosby,* 506 U.S. at 260-261, 113 S.Ct. 748. Federal Rule 43 provides as follows:

> (a) Presence Required. The defendant shall be present at . . . every stage of the trial including the impaneling of the jury and the return of the verdict . . . except as otherwise provided by this rule.

> (b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict . . . will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, *initially present, . . .*

> (1) is voluntarily absent *after* the trial has commenced.

(1946, as amended through 1987) (emphasis added).

{11} Federal Rule 43 clearly is the model for the parallel New Mexico rule of criminal procedure in effect at the time of Defendant's trial:

> A. **Presence Required.** The defendant shall be present at . . . every stage of the trial including the impaneling of the jury and the return of the verdict . . . except as otherwise provided by this rule.

> B. **Continued Presence Not Required.** The further progress of the trial, including the return of the verdict, shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, *initially present:*

> (1) voluntarily absents himself *after* the trial has commenced.

Rule 5-612 (emphasis added).

{12} Although Rule 5-612 and subsequent cases have modified the common law as set out in *Lopez,* see *Hovey v. State,* 104 N.M. 667, 671-72, 726 P.2d 344, 349 (1986) (Walters, J., specially concurring; discussing retreat from "early and intractable" position of *Lopez*), *Lopez* has never been expressly overruled. In particular, no New Mexico case has held that a trial court has the authority *to begin* a criminal trial in the defendant's absence.

{13} The question of whether a trial may begin in the defendant's absence was addressed by the United States Supreme Court in the context of Federal Rule 43 in *Crosby. Crosby* involved a defendant facing federal mail fraud charges who fled the night before his trial was scheduled to begin. After unsuccessful efforts to locate the defendant, the trial court proceeded to trial over the objections of the absent defendant's counsel. The absent defendant and two co-defendants who were present were found guilty by the jury. Ultimately, the absent defendant was apprehended and sentenced. On appeal to the Eighth Circuit Court of Appeals, the defendant argued that Federal Rule 43 prohibits the trial in absentia of a defendant who is not

present at the beginning of trial. The Court of Appeals rejected this argument and affirmed. The Supreme Court granted certiorari and reversed.

{14} The Supreme Court emphasized that Federal Rule 43(a) expressly states that the defendant shall be present "except as otherwise provided by this rule." *Crosby*, 506 U.S. at 258–59, 113 S.Ct. 748. Thus, in view of the express language of Subsection (a), the defendant's trial could have proceeded in the defendant's absence only if authorized by Rule 43. However, the exceptions recognized in Subsection (b) could not apply because the defendant had not been "initially present" as required by Subsection (b). The Supreme Court held that "[t]he language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial in absentia of a defendant who is not present at the beginning of trial." *Crosby*, 506 U.S. at 262, 113 S.Ct. 748. The Supreme Court emphasized that its holding was based on the language of Rule 43 and that therefore it was not reaching the issue of whether the same result would be required by the Constitution. *See id.*

{15} Subsequently, the Supreme Court has stated that *Crosby* is an exception to the general principle that the procedural requirements of the Federal Rules of Criminal Procedure are "presumptively waivable." *United States v. Mezzanatto*, 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995). According to the Supreme Court, the presumption of waivability can be overcome where an express waiver clause indicates that the drafters "intended to occupy the field and to preclude waiver under other, unstated circumstances." *Id.* at 201–02, 115 S.Ct. 797. Rule 43 presents a situation where "waiver is not appropriate [because] it is inconsistent with the provision creating the right sought to be secured." *New York v. Hill*, 528 U.S. 110, 116, 120 S.Ct. 659, 664–65, 145 L.Ed.2d 560 (2000) (distinguishing *Crosby*).

{16} We are persuaded by the Supreme Court's analysis of Federal Rule 43. As noted above, Rule 5–612 is closely patterned on Federal Rule 43. New Mexico common law establishing the non-waivability of the defendant's presence appears to be identical with federal common law discussed in *Crosby*. Compare *Lopez*, 3 N.M. at 163–165, 2 P. at 367, *with Crosby*, 506 U.S. at 259, 113 S.Ct. 748.

{17} We recognize that the present case is distinguishable from *Crosby* in that here, Defendant was absent from only a single phase of his trial—jury selection—and that Defendant and his counsel attempted to retroactively waive Rule 5–612's requirements. In contrast, in *Crosby*, the defendant was absent from his entire trial and the trial was conducted over the objections of defense counsel. We find these distinctions immaterial because under Rule 5–612(B), just as under Federal Rule 43, a defendant's presence can be waived only if he was "initially present." As we recently observed, a jury trial commences when jury selection begins. *See State v. Rackley*, 2000–NMCA–027, ¶ 4, 128 N.M. 761, 998 P.2d 1212. Considering that Defendant was not present when his case was called on the morning of July 6, 1998, when the jury array was sworn or during voir dire of the jury that ultimately tried him, he cannot be said to have been "initially present" within the spirit or the letter of Rule 5–612. *See United States v. Stratton*, 649 F.2d 1066, 1081 (5th Cir.1981) (noting that trial court's use of bifurcated trial procedure could not mask realities of trial and that defendant was "for all practical purposes" on trial despite severance; holding that severed defendant was denied his constitutional and Rule 43 right to be present at all stages of his trial); *State v. Crafton*, 72 Wash.App. 98, 863 P.2d 620 (1993) (applying *Crosby* as adopted by Washington Supreme Court in *State v. Hammond*, 121 Wash.2d 787, 854 P.2d 637 (1993); holding that for purposes of rule of criminal procedure allowing trial to continue where defendant has voluntarily absented himself, trial commences when jury panel is sworn for voir dire), *review denied*, 123 Wash.2d 1030, 877 P.2d 695 (1994).

{18} We hold that under these facts, Rule 5–612 did not authorize the trial court to accept a retroactive waiver of Rule 5–612's requirement that Defendant be present at the commencement of his trial. In the ab-

sence of a waiver expressly authorized by Rule 5–612, Defendant's case is governed by the common-law rule that in felony trials the defendant's presence is a mandatory, non-waivable requirement.[1] *See Pelaez v. United States,* 27 F.3d 219, 222 (6th Cir.1994) (Fed. Rule 43 "is the common law rule as modified by *Diaz.*"); *State v. Hunt,* 26 N.M. 160, 166, 189 P. 1111, 1113 (1920) (collecting authorities).

{19} Next, we consider whether Defendant's absence can be excused as harmless error. Generally, harmless error analysis requires this Court to determine whether there is a "reasonable possibility" that the error complained of contributed to the defendant's conviction. *See State v. Trujillo,* 95 N.M. 535, 541, 624 P.2d 44, 50 (1981). This mode of harmless error analysis is applied where the procedural requirement determined to have been violated is thought to contribute to the reliability of the truth-finding process. *See* 3 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 26.6(a) (1984). However, there are other errors that "loosely [may] be described as concerned with the structure of the proceeding." *Id.* at 259. In the case of these structural errors "[N]o evaluation of the bearing of the error on the jury's verdict is necessary. A violation of the substance of the right automatically requires a new trial, and the strength of the evidence supporting the conviction is therefore irrelevant." *Id.* at 259.

{20} n the present case, the specific requirement with which we are concerned is Rule 5–612's requirement that the defendant be initially present at the commencement of his or her trial. In our view, the requirement of the defendant's initial presence at trial is largely symbolic, reflecting our society's traditional distrust of in absentia proceedings. Justice Stevens has suggested that harmless-error analysis is inappropriate where the procedural right determined to have been violated serves "an

independent value besides reliability of the outcome." *United States v. Lane,* 474 U.S. 438, 474, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986) (Stevens, J., concurring in part, dissenting in part). The requirement of the defendant's initial presence at trial serves "an independent value besides reliability of the outcome" and is akin to a structural defect. We therefore hold that a non-*de minimis* violation of Rule 5–612's requirement that the defendant be initially present constitutes reversible error without regard to whether the defendant's absence actually contributed to an unfavorable verdict.

{21} Defendant's convictions are reversed and this case is remanded for a new trial.

{22} **IT IS SO ORDERED.**

KENNEDY, Judge, concurs.

PICKARD, Chief Judge (Dissenting).

{23} I cannot agree with the majority's holding that a defendant can never waive the right to be present at the commencement of the trial, no matter what the circumstances. Under the particular circumstances of this case, it seems to me that a clear, knowing, and unequivocal waiver was made, and I would hold Defendant to it, at least on direct appeal. In addition to the issue upon which the majority reverses, Defendant raised a host of other related contentions, including ineffective assistance of counsel, that I believe are more appropriately resolved in habeas corpus proceedings. *See Duncan v. Kerby,* 115 N.M. 344, 346, 851 P.2d 466, 468 (1993). I would therefore affirm the convictions and leave Defendant to his post-conviction remedies.

{24} I have no quarrel with the majority's statement of the general rule concerning the presence of a defendant or with the majority's and other cited cases' application of that rule to defendants who were erroneously held by trial courts to have impliedly

---

1. We part company with the dissent on this point. In our view, the issue is not whether the requirement of the defendant's initial presence ought to be subject to waiver like many other trial rights; but rather, whether, given the language of Rule 5–612 and our common-law heritage of treating the defendant's presence as non-waivable, our Supreme Court has in fact authorized such waivers.

waived a right to presence by what appears to be simple absence. *See, e.g., Crosby v. United States*, 506 U.S. 255, 256–57, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) (reciting that Crosby was found to have voluntarily absented himself because he had notice of the trial date, had appeared for pretrial hearings, and was seen packing and leaving his house on the night before the trial). Nor do I quarrel with Defendant's cited authority, *State v. Harris*, 229 Wis.2d 832, 601 N.W.2d 682, 685 (1999), in which the trial court sought a defendant's waiver after telling him, erroneously, that nothing other than ministerial excusals occurred during his absence from the voir dire.

{25} The foregoing circumstances, however, are quite different from the circumstances in this case, circumstances which I believe support a holding that Defendant both waived his rights in connection with jury selection and affirmatively led the trial court into the error he is now claiming the trial court made. *See State v. Arellano*, 1998–NMSC–026, ¶¶ 14–20, 125 N.M. 709, 965 P.2d 293 (holding that a defendant can waive his right to a sworn jury by knowing that the jury is unsworn and waiting until after the trial to complain about it); *Cuoco v. United States*, 208 F.3d 27, 30–32 (2d Cir. 2000) (holding, in context of ineffective assistance of counsel claim, that federal court would not have reversed a defendant's conviction when that defendant made a clear and unequivocal waiver of his right to be present during his trial on the record during a pretrial hearing, and before the jury was summoned into the courtroom; further holding that *Crosby* did not require a different result).

{26} The circumstances of this case are not like those in *Crosby* or *Harris*, but are more like those in *Arellano* and *Cuoco*. In this case, as the majority notes, the trial court had severed Defendant's trial from that of his co-defendant and was prepared to go forward with the trial of the co-defendant only. It was only upon Defendant's specific request to waive his presence that the trial court changed its mind. Further, the trial court did not change its mind quickly. It needed to be persuaded by Defendant's counsel, after cautioning him on the record in Defendant's presence that the co-defendant's jury selection might not be advantageous to Defendant. In addition, the trial court required a written waiver to be filed by Defendant himself. Finally, the waiver was hardly perfunctory. It recited the irregularities in the jury selection process and expressly recited that Defendant not only waived those irregularities but also waived any issue on appeal based on them.

{27} Our jurisprudence is replete with cases permitting fundamental constitutional rights to be waived. *See, e.g., State v. Aragon*, 1999–NMCA–060, ¶ 11, 127 N.M. 393, 981 P.2d 1211. Even the right to counsel, the denial of which would otherwise amount to a structural defect, can be waived, as long as a defendant " 'knows what he is doing and his choice is made with eyes open.' " *State v. Lewis*, 104 N.M. 218, 220, 719 P.2d 445, 447 (Ct.App.1986) (quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *see also State v. Rodriguez*, 114 N.M. 265, 268, 837 P.2d 459, 462 (Ct.App. 1992) (holding that deprivation of right to counsel may amount to structural defect).

{28} Under the circumstances of this case, it appears to me that Defendant and his attorney made a conscious and informed decision to try the case to a particular jury at a particular time. We need not speculate about whether they liked the particular jury or liked the circumstances of being tried together with a co-defendant. The important point is that we should not allow Defendant to have a second bite of the apple, at least not without making a factual showing that the record we have does not accurately reflect the knowing, tactical decision that it appears to reflect. Accordingly, I would affirm the convictions on this direct appeal and leave Defendant to his post-conviction remedies.